## Kerns *against* Piper.

The acts of a servant bind his master only when done in the course of the business committed to him, or within the scope of an authority specially delegated.

It is no part of the business of a clerk in a store to borrow money and draw bills or notes for it in the name of the firm.

ERROR to the common pleas of *Bedford* county.

This was an action of debt on two single bills, not exceeding 2000 dollars, by Abraham Kerns against John Piper, William Fletcher and Jacob Fletcher. Abraham Kerns, the plaintiff, and John Piper, one of the defendants, had once been partners in trade, in the name of John Piper & Co. ; and upon the dissolution of the partnership, the goods on hand were sold to John Piper and William Fletcher for 3121 dollars 42 cents : for a part of this consideration this suit was brought. There were debts due by and to the firm of John Piper & Co. at the time of the dissolution, which John Piper was to receive and pay : and the defence now set up was that he had paid debts exceeding the amount of his receipts on account of the old firm ; and among other things, he offered in evidence several notes which he had paid to Joseph Wolf, for money borrowed, which were signed " William Fletcher for John Piper & Co." The evidence was, that William Fletcher had been a clerk in the store of John Piper & Co., at the time the notes were given. This evidence was objected to on the ground that William Fletcher had no power to borrow money, and charge the firm of John Piper & Co. by note or bill. The objection was overruled and exception was taken by the plaintiff, which was the only error assigned.

*Smith*, for plaintiff in error.
*Russel* and *Lyon*, for defendant in error.

PER CURIAM.—The acts of a servant bind his master only when done in the course of the business committed to him, or within the scope of an authority specially delegated. It certainly is no part of the ordinary business of a clerk in a store to borrow money and

[Kerns v. Piper.]

draw bills or notes in the name of the firm. But the confirmation of such transactions by the firm might be evidence of previous authority: and the question is whether there was proof of such confirmation by the firm or either of the partners. Blodget, the witness relied on, proves nothing of the sort. He lent money to the firm, which was repaid with the assent of the plaintiff; but the notes were drawn by the other partner, and he does not remember that the money was lent to the clerk. The notes offered, therefore, ought not to have been received in evidence.

Judgment reversed, and a *venire de novo* awarded.