[Snodgrass *v.* Bradley.]

## Snodgrass *versus* Bradley.

1. A master is not liable for injuries, designedly, or intentionally, inflicted by his servant.
2. The jury may infer the minority of a witness examined before them.

ERROR to the District Court of *Allegheny county.*

The facts sufficiently appear in the opinion of the court, delivered September 30, 1852, by

LEWIS, J.—The able and learned judge, who presided at the trial, was betrayed into an error, in regard to the defendant's liability for injuries, designedly, or intentionally, inflicted by his servant. For such injuries the master is not liable. For this error the judgment must be reversed.

"There was no error in the instruction, that the minority of the plaintiff's son may be reasonably inferred." The action was brought for an injury to the plaintiff's minor son. The witnesses who testified to the injury, spoke of him as "a boy," and the son himself was examined as a witness; so, that he stood face to face with the jury, subject to their inspection. In the case of a very young boy, whose minority was manifest upon inspection, it might not occur to any one, to ask him his age. In a writ, to reverse a fine for non-age of the cognizor, or to set aside a statute, or recognizance entered into by an infant, and *in other cases of the like sort*, it was the ancient practice, to issue a writ to the sheriff, commanding him to constrain the party to appear, that it may be ascertained by a *view of his body*, whether he be of full age, or not. If, however, the court has, upon inspection, any doubt of the age of the party, it may proceed to take proof of the fact, and *particularly may examine the infant himself*, upon an oath of *voire dire vintatione dicere;* that is, to make true answers to such questions as the court shall demand of him; or the court may examine his mother, his godfather, or the like. 3 Bl. 332; 2 Roll. Abr. 573. There is no error in permitting the jury, in a proper case, to infer the infancy of a witness who has given his testimony in their presence, nor would it be error to interrogate the infant himself, touching the fact.

None of the errors assigned are sustained, except the one indicated in the first part of this opinion.

Judgment reversed, and *venire de novo* awarded.