## Towanda Coal Company *versus* Heeman.

1. Where a servant in the employment of his master does an act which he is not employed to do, the master is not responsible.

2. Where there was no evidence that the servant was acting in the line of his duty and within the scope of his employment, it was error to submit to the jury the question whether his wrongful act was or was not done in the exercise of a duly delegated authority.

March 13th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Plea: of *Bradford county :* Of January Term 1878, No. 42.

Trespass on the case by Henry Heeman, by his next friend, Hiram Heeman, against the Towanda Coal Company, to recover damages for an injury to plaintiff, which it was alleged was caused by the negligence of defendants. Plea: "Not guilty."

The defendants are the lessees of a railroad which runs into the town of Towanda. While one of their coal trains was stopping at said station, three small boys, among whom was the plaintiff, climbed up on the cars. After the train had started the boys were discovered by one of the brakemen, who proceeded to drive them off by throwing coal at them, some pieces of which struck the plaintiff in the face and partially blinded him, and in consequence of which, as he himself testified, he slipped and fell in trying to get off the train. He fell on the track, and the cars passed over him and crushed his leg so badly that it had to be amputated upon the day of the injury. The brakeman denied that any coal was thrown at the boys. It appeared that the injury to the lad was observed by one of the brakemen, but the train was not stopped. The train was in charge of a conductor, and had in addition three brakemen. The other material facts will be found in the opinion of this court. Among the points submitted by defendants were the following :—

2. That it was not within the scope of any brakeman's authority in employment, to throw coal at any person upon the train.

3. That it was not within the scope of the employment or authority of any employee of the defendant, whose conduct is claimed to be the cause of the injury complained of, to admit or exclude persons from the train.

The court, Ingham, P. J., refused both of these points, and in the general charge said : " If the jury believe from the evidence that an employee of the company caused the boy to jump off while the train was in motion, and thereby caused the injury, it remains for you to decide from the evidence whether the said employee was acting within the scope of his employment; if he was not, it was his personal act, and the company is not responsible for it; if he was, the company is liable, and the plaintiff is entitled to recover. [If it was part of his employment to keep boys or others from riding on the train, he would be acting within the scope of his employ-

[Towanda Coal Co. v. Heeman.]

ment in driving the boy off, and if he did it in a violent, careless or negligent manner, the company is liable for his act.]''

The verdict was for the plaintiff for $1000. The defendants assigned for error the refusal of their points, and the portion of the charge in brackets.

*Elhanan Smith*, for plaintiffs in error.—The act of the brakeman in throwing the coal could create no liability on the part of the company, and yet the court permitted the jury to find the fact that this act was within the scope of his employment when there was no evidence on which to base such a finding. He had no control over the management of the train, and had no right to admit or exclude passengers, and the court should have so instructed the jury. The lad was unlawfully on the train, and the company is not liable: P. & R. Railroad Co. v. Hummell, 8 Wright 378; Railroad Co. v. Norton, 12 Harris 465; Flower v. Penna. Railroad Co., 19 P. F. Smith 210. The master is not responsible for the wilful tort of his servant: 2 Hilliard on Torts 323, 422; Snodgrass v. Bradley, 2 Grant 43; Phila., Germantown and Norristown Railroad Co. v. Wilt, 4 Whart. 147; Isaacs v. Third Ave. Railroad Co., 47 N. Y. R. 122.

*H. W. Patrick*, for defendant in error.—The question is not whether the brakeman had authority to do the particular act, but was he in his ordinary employment at the time the act was done, and after evidence of a particular employment what is within its scope is a question of fact to be left to the jury: Lackawanna Railroad Co. v. Chenewith, 2 P. F. Smith 382; Passenger Railroad Co. v. Donahue, 20 Id. 121; Higgins v. Waltervliet Turnpike Co., 46 N. Y. 323; Sanford v. Railroad Co., 23 Id. 343; Jackson v. Second Avenue Railroad Co., 47 Id. 274.

Mr. Justice WOODWARD delivered the opinion of the court, May 6th 1878.

Although the point was not directly made to the court that there was no evidence tending to prove that it was within the line of a brakeman's duty to remove trespassers or other persons from the cars of the defendants, yet under the particular circumstances disclosed by this record, the question was sufficiently raised by the second and third points, which should have been affirmed. In substance they were prayers for instructions to the jury that it was no part of a brakeman's duty to throw coal at any person on the train to which he was attached, or to admit persons to, or remove them from the train. A careful examination of all the testimony has shown that not a word contained in it tended to prove that the brakeman whose conduct is complained of, in the cruel and wanton assault he made on the plaintiff, was acting in pursuance of any

authority conferred on him.   The only affirmative proof was precisely in the opposite direction.   J. B. Judd, the assistant superintendent of the defendants, said : " The duty of the conductor is to take charge of the running of the trains, and he may admit or exclude passengers therefrom; the brakemen have nothing to do with passengers ; they do the general business of the train as far as labor is concerned—putting on brakes, and the general work of handling a train of cars." The plaintiff at the time of the accident was a boy seven or eight years old.   While a train on the Barclay railroad was stopping at the station in Towanda, he, with one or two other boys, climbed upon the cars.   After the train started, one of the brakemen drove him off by throwing pieces of coal at him, some of which struck him in the face, partially blinding him. In attempting to get off he slipped, because, as he said in his testimony, he " could not see but a little," and falling on the rail, the moving cars passed over him and so crushed one of his legs as to make amputation necessary the same day.   In their charge, the court submitted the question of the brakeman's authority to the jury, and a verdict for the plaintiff was rendered.

It was said by Maule, J., in 13 C. B. 247, that a master is liable for the act of his servant, " even though the servant, in the performance of his duty, is guilty of a deviation, or a failure to perform it in the strictest and most convenient manner.   But where the servant, instead of doing that which he is employed to do, does something which he is not employed to do at all, the master cannot be said to do it by his servant, and therefore is not responsible for the negligence of the servant in doing it."   Thus, in the leading case of McKenzie *v.* McLeod, 10 Bing. 385, the master was held not to be liable for the negligence of a servant who burned a house down in trying to cleanse a chimney, it being shown that the servant's duty was not to cleanse the chimney, but to light the fire. The legal rule was stated in the opinion of Alderson, J., in that case to be, that the act of the servant is the act of the master where the duty is defined by precise orders ; and where something is directed to be done, and the manner of doing it is left wholly to the discretion of the servant, the judgment exercised may be considered the judgment of the master, and he must be answerable.   " But," the judge added, " where he has neither ordered the thing to be done, nor allowed the servant any discretion as to the mode of doing it, I cannot see how in common justice or common sense, the master can be held responsible."   Where a coachman, after having used his master's horse and carriage in going upon an errand for his master, instead of taking them to the stable, used them in going upon an errand of his own, without his master's knowledge or consent, and while doing so he negligently ran into and injured the plaintiff's horse, it was ruled that the master was not liable : Sheridan *v.* Charlick, 4 Daly 338.   The same rule has been applied in

[Towanda Coal Co. v. Heeman.]

Williams v. Jones, 3 Hurlst. & C. 256; in Story v. Ashton, Law Rep. 4 Q. B. 476; and in the Pennsylvania cases of The Philadelphia, Germantown & Norristown Railroad Co. v. Wilt, 4 Whart. 143; Snodgrass v. Bradley, 2 Grant 43, and Flower v. The Pennsylvania Railroad Co., 19 P. F. Smith 210.

Upon the facts developed on the trial, although the plaintiff had no right to be on the cars, the jury would have been justified in finding, as they did, such reckless, gross and culpable negligence as to render the defendants liable for damages, if the brakeman had been shown to have been acting in the line of his duty and within the scope of his employment. With no evidence that he was so acting, and with the testimony of the assistant superintendent to the contrary, it was a mistake to submit the question whether the wrongful act was or was not done in the exercise of a duly delegated authority.

Judgment reversed and *venire facias de novo* awarded.