Opinion by
Beaver, J.,
What was said in Lotz v. Hanlon, 217 Pa. 339, applies here: “It was essential to a recovery in this case that it be made to appear that the accident from which plaintiff’s injury (the death of plaintiff’s child) resulted, occurred while the person in charge of the automobile was using it in the course of his employment, and on his master’s business. Plaintiff offered no direct evidence as to this, but, having shown the ownership of the machine to be in the defendant, sought to derive from this circumstance, and this alone, not only the fact that the person in charge was defendant’s servant, but the further fact that he was at the time engaged on the master’s errand. If when plaintiff rested a nonsuit had been ordered, he could not have been heard to complain. Ownership of the machine in eases of this character is at best but a scant basis for the inference that was here sought to be derived from it. It is allowed as adequate only when the attending circumstances point to no different conclusion. In itself, it is but one of a series of circumstances and its significance depends on the extent of the general concurrence of these. If they indicate something *71 different, the scant basis that this single fact otherwise might afford is reduced below the point of sufficiency. Because its value as a probatory fact so entirely depends upon attending circumstances, it is always the duty of the party seeking to establish through it a prima facie case to develop the whole situation, so that its significance could be accurately measured. When he fails in this regard and his evidence leaves the general situation undisclosed, and this without explanation of the failure, he is liable to suffer from the inference that what was not disclosed was prejudicial to his case. Where this occurs, the mere fact of ownership can count for little.”
In this case the plaintiff showed that the automobile which caused the death of his child bore a number which corresponded with that of a machine owned by the defendant. He did not show that the man driving the machine was in the employ of the defendant, nor that it was engaged in any way in the service of the defendant at the time the accident occurred. The chauffeur was not called as a witness. A motion for a nonsuit was refused. The defendant, however, being called as a witness in his own behalf, admitted that the man engaged in running the automobile was in his employ. This, of course, established the second fact necessary to a recovery. Not only did he state, however, that the man was not engaged in running it upon his business, or by his direction, or upon any errand in his behalf, but, on the contrary, that he was using it in practical opposition to the defendant’s instructions and, as the attendant circumstances showed, upon a pleasure trip in which his (the chauffeur’s) personal friends or acquaintances were sharing the pleasure with him.
The trial judge in the court below was correct in holding that the credibility of the defendant as a witness was for the jury and that it did not, therefore, necessarily follow that, because the defendant was not contradicted in regard to the instructions given by him to his employee, that the fact of his acting in violation of instructions was established, but it is to be remembered that the plaintiff gave no testimony whatever as to the fact that the chauffeur was in the employ of the defendant or that he was engaged in his master’s business; and, *72 even if the jury disbelieved the defendant as to his instructions to his employee, there would, therefore, be no evidence whatever as to the character of the errand or business in which the chauffeur was employed at the time of the accident, all the attending circumstances, as narrated by plaintiff’s witness who was in the party at the time the child was killed, tending to show that the occupants of the car were the friends of the chauffeur and not of the defendant.
In the opinion of the trial judge in the court below, discharging the rule for a new trial and for judgment non obstante veredicto, he said: “There cannot be any doubt that at the close of the defendant’s testimony the jury could take it as conclusively proven, if they so saw fit, that the automobile in question was owned by Mr. Mitchell and was operated by his chauffeur, and that the chauffeur was acting within the scope of his general authority at the time the accident happened, and, therefore, that Mr. Mitchell was responsible.” As authority for this position, the judge quoted Hershinger v. Penna. R. R. Co., 25 Pa. Superior Ct. 147; Hennessey v. Baugh, 29 Pa. Superior Ct. 310; Corpies v. Sand Co., 31 Pa. Superior Ct. 107, and a number of other cases referred to in the cases just cited; but in all of these cases the jury was allowed to infer that the drivers of the wagons were servants of the several defendants and that they were in the discharge of their duty as such, because the defendants were either public service corporations or were engaged in a business which employed their wagons, on which their names were painted, upon the streets, in such a way as to lead to the plain inference, and no other, that they were employed in the service of the defendants.
There is a very clear distinction, we think, between these cases and the one under consideration. Here was a private vehicle, driven by the employee of the defendant. Nothing in the vehicle itself or the circumstances attending the trip made by it, when the accident occurred, indicated that it was being used in the service of the defendant. On the contrary, leaving the testimony of the defendant as to this part of the case entirely out of view, the attendant circumstances already re *73 ferred to indicated that it was being used for a pleasure trip in which the friends or acquaintances of the employee were taken in the vehicle by his invitation. Under such circumstances, it seems to us that the case is governed rather by Kerns v. Piper, 4 Watts, 222, in which it was held, that: “The acts of a servant bind his master only when done in the course of the business committed to him or within the scope of an authority specially delegated,” and Bard et al. v. Yohn, 26 Pa. 482, which decides that: “Where a person employed by one as a servant is using the team of his master for his own purposes and benefit, and, in the absence of and without any directions from the master, uses the team so negligently as to occasion injury to a third party, the master is not hable for such injury, although he assented to the servant using the team for his own benefit.
“If one man loans or hires a horse to another, to be used exclusively for the purposes of the latter, the owner of the horse is in no wise responsible for the negligent manner in which the horse may be used.” See also Towanda Coal Co. v. Heeman, 86 Pa. 418.
There being, therefore, in this case no evidence of the fact of the use of the car by the chauffeur in and about the business of the defendant, and no facts or circumstances in the case from which such a use can be legitimately inferred, the rule for judgment, non obstante veredicto, should have been made absolute.
Judgment reversed.
Oklady, J., dissents.