# Durham, Appellant, *v.* Strauss.

*Negligence—Automobiles—Master and servant.*

In an action to recover damages for injuries to an automobile sustained in a collision with defendant's automobile, a nonsuit is properly entered where the evidence shows that the defendant's chauffeur, and another person, a stranger to the master, were in the machine at the time of the accident, that the stranger was operating the machine, that the chauffeur had taken the machine out contrary to the defendant's general order not to take it out without defendant's consent, and that the chauffeur's excuse for taking out the machine to adjust the carburetor, is met by proof that it was not his duty to fix the carburetor, and that it was not necessary to take the machine out of the garage for that purpose.

Argued Dec. 10, 1908. Appeal, No. 130, Oct. T., 1908, by plaintiff, from order of C. P. Lehigh Co., Jan. T., 1908, No. 52,

refusing to take off nonsuit in case of J. Edward Durham v. Martin H. Strauss. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages to an automobile. Before TREXLER, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was order refusing to take off nonsuit.

*Arthur G. Dewalt*, for appellant, cited: Davis v. Houghtelin, 50 N. W. Repr. 765; McClung v. Dearborne, 134 Pa. 396; Garretzen v. Duenckel, 50 Mo. 104; Quinn v. Ry. Co., 7 Pa. Superior Ct. 19; Corpies v. Sand Co., 31 Pa. Superior Ct. 107; Lotz v. Hanlon, 217 Pa. 339; Bennett v. Busch, 67 Atl. Repr. 188.

*Frank Jacobs*, for appellee, cited: Lotz v. Hanlon, 217 Pa. 339; Sarver v. Mitchell, 35 Pa. Superior Ct. 69.

OPINION BY MORRISON, J., February 26, 1909:

The learned court below granted a compulsory nonsuit and later refused to take it off, and the plaintiff excepted and appealed. The assignments of error challenge this action of the court. Our question is, therefore, did the plaintiff make a prima facie case for the jury under our rule of practice as stated in Hill v. Trust Co., 108 Pa. 1: "In our practice, a peremptory nonsuit is in the nature of a judgment for defendant on demurrer to evidence; and hence, in testing the validity of such nonsuit the plaintiff is entitled to the benefit of every inference of fact which might have been drawn by the jury from the evidence before them."

The plaintiff proved that the defendant was the owner of the automobile which collided with plaintiff's automobile and seriously damaged it; that the defendant's automobile was in the hands of Russel Merritt and Robert Ruch at the time of the accident, at a place four miles or more from the garage where defendant kept his machine; that Merritt was defendant's

chauffeur and had been such for four or more months; that Ruch was not in the employ of defendant for any purpose; that defendant had given general orders to Merritt not to take the automobile out of the garage without defendant's order; that defendant did not order nor consent to his automobile being taken out on the day of the collision; that Merritt had not previously taken it out without orders from defendant; that Ruch was actually operating and running the automobile at the time of the collision; that the excuse given by Merritt for taking the machine out on that day was "to try it out" and regulate the carburetor, but at the time of the accident they were not adjusting or fixing the carburetor and it was not shown that it was necessary to take the machine out of the garage to adjust or regulate that part of the machinery. It was also shown that it was no part of Merritt's business to attempt to regulate or repair the carburetor. Upon this state of facts, the learned court below held: (1) "That the machine at the time the collision occurred had been taken out contrary to the general instructions of the master that the machine should not be taken out without his consent; (2) that to fix the carburetor was not the duty of the chauffeur; (3) that there was no proof that to fix the carburetor it was necessary to take the machine out of the shop; (4) that the machine was operated by one who was a stranger to the master. In my view, the elements that fix the liability of the master for the negligence of the servant were not present." The learned court cited: Lotz v. Hanlon, 217 Pa. 339, the syllabus of which fairly states the principle as follows: "In an action against an owner of an automobile to recover damages for personal injuries resulting from being run down by the machine, the plaintiff must show not only the fact that the person in charge was defendant's servant, but the further fact that he was at the time engaged on the master's business, with the master's knowledge, and by the master's direction. Evidence of the mere ownership of the machine is insufficient." And also Sarver v. Mitchell, 35 Pa. Superior Ct. 69, the syllabus of which states the principle thus: "The owner of an automobile cannot be held liable for the killing of a child by his chauffeur, where it appears that the accident occurred when the chauffeur was

not using the machine in the course of his employment, and on his master's business, but, on the contrary, in practical opposition to the master's instructions, and upon a pleasure trip in which the chauffeur's personal friends or acquaintances were sharing the pleasure with him. In such a case evidence of the ownership of the machine is not sufficient in itself. The plaintiff must go further and show that the machine was being used in the course of the master's business. If he fails to do this he may be properly nonsuited." See also cases cited in Sarver v. Mitchell, 35 Pa. Superior Ct. 69.

Our conclusion is that the learned court below did not err in refusing to take off the compulsory nonsuit.

Judgment affirmed.