## August Fuhrmeister *v.* Samuel C. Wilson et al., Appellants.

*Negligence—Master and servant—Delivery of goods.*

The act of the driver of a vendor of goods in adjusting the goods to the chains of a hoist on the outside of the building of the purchaser of the goods is the final act of delivery, and if it is negligently performed, and an accident results therefrom, the purchaser of the goods is not liable for the injury sustained.

*Negligence—Evidence—Special finding by jury.*

In an action to recover damages for personal injuries plaintiff testified that he was injured by bags of wool purchased by defendant falling upon him from the third floor of a building occupied by defendants. The bags, upon delivery by the vendor, had been attached to a hoist outside of the building by the servant of the vendor, and had been raised to the third floor. The lift was not running when the bags fell, but the jury reported specially that they could not say how many minutes the bags were left suspended after the lift ceased running. *Held,* that the evidence was insufficient to sustain a judgment on a verdict for plaintiff.

Argued Jan. 11, 1894. Appeal, No. 116, July T., 1893, by defendants, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1892, No. 138, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for personal injuries. Before FINLETTER, P. J.

At the trial it appeared that plaintiff was employed in a mill at Hancock street and Montgomery avenue, Philadelphia, owned by his employers, Ring & Bro. Plaintiff was employed on the lower or ground floor. Defendants were tenants of plaintiff's employers, and occupied the third and fourth floors of the mill. On July 13, 1892, a driver of Firth & Foster delivered to defendants several bags of wool which they had purchased from his employers.

Plaintiff described the accident as follows: "I was on the first floor sorting a bag of wool, and there was some cotton amongst it, and I sorted that out, and while I was engaged in doing that I heard a wagon come up on the platform, and I saw the chain where we hoist the stuff off the wagon. I was en-

gaged in sorting that bag of wool about half an hour, and I got through with my work and I took the bag and folded it up, and I saw it was the driver of Firth & Foster's dye works, and the man was standing on the back of the wagon with his head down like this——and he was always a lively man and I thought he was sick, and I spoke to him while I was folding the bag up, and he made a remark about the hot weather, and I said it was terrible hot especially where the sun was against a high building, and we were talking together for a while, and I put the bag away, and as I came back Mr. Corrigan, the driver, asked me to hand him his hat, which had fallen down on the platform, and I stooped down and picked it up, and as I straightened up to hand it to him these bags came down on me and knocked me down, and I was taken away."

Plaintiff and one of his witnesses testified that no hoisting had been done for fifteen minutes before he left his work.

John Corrigan, the driver, testified for plaintiff: " Q. Do you know how long the bags had been up there when the accident happened? A. They could not be hanging at all, because from the time they started to hoist, and while they were going up my hat fell off, and I asked Gus to get my hat for me and he said he would, and they threw down another rope to tie the bags, and when I turned around to fasten the other bags this stuff was going up, and it could not be hanging there very long. . . . Cross-examined: Q. From the time you started it up until the man handed you your hat, and you heard him groan, there was no time elapsed in which the bags could hang there at all? A. No, sir."

The court charged in part as follows:

" This action is brought by the plaintiff to recover damages for injuries alleged to have resulted from the negligence of the defendants or of the defendants' employees. To recover, it must be clearly established to your satisfaction, first, that the defendant or his employees were negligent, and, secondly, that the plaintiff himself was not negligent in any manner contributing to the injury. Unless both of these propositions are established by the evidence your verdict must be for the defendant. You understand that the defendant is responsible for the act of those in his employment, and [it appears from the evidence that at this time they were using the lift in and about the business.

of the defendant.] [1]   They were raising the bags of wool from the platform to the room above, which was occupied by the defendant.   They were in sole charge of the lift, and it therefore became their duty to use the lift in a careful and proper manner, and to exercise all the care necessary for the protection of any one who might be about the premises, or who might be subject to the dangers which would result from it. [They had charge of the lift, therefore, from the time the goods were delivered on the platform until they were raised to the room in which they were working.] [2]

" From the evidence in this case it appears that the bags slipped from the rope by which they were being raised from the platform to the room above.   I think there can be no controversy about that because it is in evidence that the rope itself did not break, and these very same bags were subsequently raised by that same rope.   Therefore it may be taken as being clearly established that the bags themselves slipped from the fastenings.   It is your duty to ascertain from the evidence whether they slipped from the rope because they had not been properly fastened in it.   [If you find from this evidence that they were not properly fastened, then the negligence of the defendant is established.] [3] . . . .

" There is this further remark to be made in relation to the question of time : It might very well be that the bags were securely fastened in order to lift them to the room in which they were to be stored, and were not sufficiently fastened to allow them to remain there for ten or fifteen minutes swinging and swaying in the wind.   These are questions for you to consider. It might very well be that they were sufficiently fastened for all ordinary purposes, and if that were so it was not necessary to have them hang in the air for ten or fifteen minutes, or for any indefinite time.   If they did remain there, for ten or fifteen minutes, that would be evidence of negligence on the part of the defendant.   Therefore I shall ask you, in rendering your verdict, if it should be for the plaintiff, to find as special facts in the case, first, whether the lift was in operation, and, secondly, whether the goods remained lifted up towards the room of the defendant for ten or fifteen minutes or for any other unreasonable length of time."

Defendant's request for binding instruction was refused. [4]

The jury found a verdict for plaintiff for $800, and under instructions of the court they also found as special facts:

" 1st. That the lift was not running when the bags fell.

" 2d. That the bags did remain lifted up toward the room of defendants, but that they could not say how many minutes."

*Errors assigned* were (1–4) above instructions, quoting them ; (5) discharge of motion in arrest of judgment.

*E. O. Michener*, for appellants.—The driver of the wagon was not defendants' servant, so as to make them liable for his negligence : Michael v. Stanton, 3 Hun, 462; Addison on Contracts, 52; Story on Agency, par. 453 ; 14 A. & E. Ency. L. 804.

*J. M. Vanderslice*, for appellee.—It is immaterial whose duty it was to fasten the bags to the hoist, or whether they were properly or improperly fastened. They certainly were securely enough tied to hold together until they were elevated to the room of defendants, and it was the negligence of defendants' employees in letting them hang suspended that really caused the accident.

The delivery of the goods by Firth & Foster was certainly complete when they were delivered on the platform of the mill.

OPINION BY MR. JUSTICE McCOLLUM, Oct. 1, 1894:

Is there any evidence in this case which authorizes an inference that the plaintiff's injury was caused by the defendant's negligence? It is alleged in the plaintiff's statement that the defendants negligently left heavy bags of wool suspended from the hoisting apparatus on the outside of the building, and that the bags became detached from it and fell upon the plaintiff while he was lawfully passing out of the doorway below them. Issue was joined on this allegation and under the pleadings the inquiry on the trial should have been confined to it. The evidence in support of the plaintiff's side of the issue thus made was meagre. It consisted of his own testimony, corroborated somewhat by two of his witnesses, to the effect that the hoisting apparatus was not running when the bags fell from it. The jury were instructed in substance that they might infer from this testimony that the defendants allowed the bags to

remain suspended " swinging and swaying in the wind" for an unreasonable length of time, and that such an inference would support a verdict in favor of the plaintiff unless it appeared there was contributory negligence on his part. It should be stated in this connection that there was no direct evidence that the bags were suspended from the hoisting apparatus longer than was necessary to convey them from the wagon to that portion of the building occupied by the defendants, or that there was any wind which obstructed or interfered with the transfer of them from the former to the latter place. Indeed, the only direct and positive evidence produced by the plaintiff on this branch of the case clearly and expressly negatived his theory that the bags were suspended from the lift an unreasonable time. It was in exact accord with the evidence submitted by the defendants on the same point and was to the effect that the bags fell from the lift while they were being hoisted to the third floor.

The special finding furnished no basis for a conclusion that the bags fell in consequence of an act or omission of the defendants. The jury were asked to find specially " whether the goods remained lifted up toward the room of the defendants for ten or fifteen minutes, or for any other unreasonable length of time," but they did not do so. In the special finding, considered by itself, there was nothing to convict the defendants of negligence in the affair under investigation. It was consistent with the exercise of due care and diligence by them in transferring the wool from the lift to the part of the building they occupied. We may therefore reasonably conclude that the verdict was the result of a belief by the jury that Corrigan improperly fastened the bags to the hoist and that the defendants were chargeable with the consequences of his carelessness. If the jury were satisfied that he was negligent, and that the plaintiff was not, it was their plain duty under the instructions they received from the court to render the verdict they did. But were the defendants liable for an injury inflicted by the negligence of Corrigan in fastening the bags to the hoist? He was not in their service at the time. In unloading the bags from the wagon he represented his employers, for whose acts the defendants were nowise responsible. While the bags were in the wagon before they were attached to the lift they were in

the possession and under the control of Corrigan's employers. The delivery of them was not complete until they were fastened to the lift for the purpose of being hoisted to the third floor. The fastening of the bags to the lift was the final act in the delivery of them. It was an act in discharge of a duty which rested on Corrigan's employers, and if there was negligence in the performance of that duty the defendants were not responsible for the consequences of it. We do not mean to be understood as assenting to the claim that there was negligence in fastening the bags to the lift, or that the evidence in the case would justify a jury in so finding. All that we decide in this connection is that the relation between the defendants and Corrigan was not such as would render them liable for an injury resulting from his mistake or carelessness.

It was essential to the maintenance of this action that the plaintiff should prove an act or omission on the part of the defendants which constituted negligence, and that it was the proximate cause of the injury he received. We are of the opinion after a careful consideration of the evidence submitted by him that he failed to do so. The evidence submitted did not warrant an inference that the bags were suspended from the lift an unreasonable time after they were raised to the level of the third floor, or that there was any negligence on the part of the defendants to which the injury the plaintiff received was properly chargeable. The first, second, third and fourth specifications of error are sustained.

Judgment reversed.