Harry L. Thomas and Annie J. Thomas, his wife, Appellants, *v.* The Altoona & Logan Valley Electric Railway Company.

191    361
24 SC ¹243
191    361
215    ¹577

*Negligence—Independent contractor—Street railway.*

A street railway company which lets out the construction of its road to an independent contractor, and reserves no other control over the work than to approve or disapprove of it when completed, is not liable for personal injuries caused by the negligence of an employee of the contractor.

Under contract of S. with defendant to grade its track and lay the rails, providing that defendant's engineer should fix the grades and alignment of the road, establish the amount of work done each month, approve the work when completed, and employ workmen in case S. failed to provide sufficient force to accomplish the work within the specified time, and authorizing him to declare the contract forfeited " for noncompliance with his directions in regard to the manner of constructing it," there being no reservation of control over the employees of S., or the means to be employed by him to do the work, he is an independent contractor; so that defendant is not liable for injury to plaintiff from the upturning of a plank, being part of a temporary crossing over the rails, caused by the negligence of one of the employees of S. in driving a cart against it.

Argued April 19, 1899. Appeal, No. 143, Jan. T., 1899, by plaintiffs, from judgment of C. P. Blair Co., Oct. T., 1897, No. 5, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts appear by the opinion on the motion for a new trial.

The court charged in part as follows:

The defendant denies the right of the plaintiffs to recover in this action from the defendant, for the reason that the persons in charge of the work were not its employees; and, therefore, it is not responsible for their negligence, if they were negligent. It says that it entered into a contract with Cyrus N. Stark to grade and surface the road and lay the tracks upon it at a certain price per lineal foot for the different kinds of work; that it had no control whatever over the mode by which he performed the work; that it had no control or supervision over the work as it progressed; that Stark was only accountable to the company that the work went on and that he fulfilled the specifications mentioned in the contract; that Stark employed all the men, and the company had no control over them and no right to interfere with the manner in which Stark chose to perform his covenant under this agreement.

The evidence shows a diligent search and inquiry for the contract, but it cannot be found and is not produced on this trial. Secondary evidence, therefore, on both sides was admitted to prove its contents. The plaintiffs have offered the deposition of C. N. Stark.

[In the re-examination by defendant's counsel this question was put to the witness: "Q. Did this engineer, King, have anything to do with directing the manner of doing the work? A. No, sir; all the authority he had was to put those grade stakes in and say to me, 'There are your grade stakes.'"

The reply of Mr. Stark to the question put to him by the plaintiffs' counsel must be considered with his whole testimony; and from it all, we are convinced, that the witness meant by this answer that the work to be supervised by the engineer was the manner of its completion and not the manner of its performance; that is, the engineers were to supervise the work only so far as to the track and grades to be observed.

The plaintiffs having offered this deposition as part of their testimony in chief, admit the truthfulness of the statement of the witness. On the same point, that is, as to the contents of the lost written contract, the defendant has called A. C. Shand,

chief engineer of the company, who testifies that he drew the contract; and he corroborates the testimony of Stark in every material point, and states further that the company did not reserve any right or power to control the performance, only that Stark was to grade the track and lay the rails at Hollidaysburg, subject to his approval in every respect, and that the work was to be done in a workmanlike manner. The evidence of these two witnesses is the only evidence on this point that there is in the case; and under it I am of the opinion that Stark was what is known in law as an independent contractor; that is, that he had a right to perform the work, to conduct the performance of it in such manner as he chose, independent of the right of the company to interfere with the means which he employed or with his manner of conducting it, the company having no other jurisdiction over it except to approve or disapprove of it when completed under the contract; and that the defendant company was not liable for his negligence. I am, therefore, obliged to say to you, as a question of law, that inasmuch as the defendant had no right to interfere with Stark or his employees in the means which he chose to employ on his part, their negligence could not and should not be imputed to the defendant company so as to hold it liable in damages for the injury that Mrs. Thomas sustained.] [2]

Plaintiffs' second point and the answer thereto were as follows:

If the jury believe that the contract between the defendant and Cyrus N. Stark, for grading the track and laying the rails of the defendant company, reserved to the defendant company control of the manner or means of the performance of the work, then the contractor, Cyrus N. Stark, and his employees or servants were the employees or servants of the defendant company, and the defendant would be liable as the master or employer for their negligent acts, whether there was this reservation of control over the manner or means of performing the work, is a question of fact for the jury; and in determining it, the jury is to consider and weigh all the evidence in the case bearing upon the subject. *Answer:* This point is declined. I have held in my general charge that there is no evidence in the case of the facts upon which the point is predicated to be submitted to the jury. [1]

The court gave binding instructions for defendant. [3]

Verdict for defendant.

Opinion of BAILEY, P. J., of the 20th judicial district, specially presiding, on the motion for a new trial:

The proximate cause of Mrs. Thomas's injury was the upsetting of a plank upon which she stepped while crossing Allegheny street, in the borough of Hollidaysburg. This and other planks placed by its side formed a temporary crossing over the rails. It was uptilted by a loaded cart striking the end of it. The cart was under the control of the employees of C. N. Stark, who had contracted to construct the defendant's road in Hollidaysburg. It is not alleged that the crossing itself was not reasonably safe for the purpose for which it was made, or that Mrs. Thomas would not have passed over it in safety if the cart wheel had not struck the plank. There was ample space between the end of the plank crossing and the pavement to allow the passage of the cart. Permitting it to get on the plank was the negligence of the person or persons in charge of it, for which the contractor might be liable. The defendant was not their employer. They were servants of the contractor. The relation of master and servant existed between them, and the contractor would be liable for negligence on their part while in his employ. To him only the rule of respondeat superior applies. There cannot be two superiors severally responsible for the same wrongful act: Wray v. Evans, 80 Pa. 102.

Notwithstanding the able argument of the learned counsel for the plaintiffs on the motion for a new trial, I continue of the same opinion I entertained at the trial; that Stark was an independent contractor and the defendant was not answerable to the plaintiffs for the negligence of his employees in permitting the cart to be run upon the plank crossing, if there was negligence.

The defendant did not reserve in its contract with Stark any control over his employees or the means to be employed by him to do the work he contracted for. It had no control or supervision of the work, except to see that it was completed according to the specifications. With the men or means employed by Stark to accomplish it, it had nothing to do, except in the event of Stark's neglect or refusal to prosecute the work with a force sufficient for its completion within the time specified in the

agreement, which contingency did not happen.   The agreement provided that the engineer of the defendant company might declare it forfeited (among other causes) "for noncompliance with his directions in regard to the manner of constructing it." The agreement was not rescinded, and Stark completed the work.   It is earnestly contended that by these stipulations the defendant reserved control of the work, and was, therefore, liable for the negligence of the contractor's employees during its progress.   "Noncompliance with the directions of the engineer" must be construed in connection with other parts of the contract.   It evidently means noncompliance with his directions in such matters as under the agreement he had the right to direct.   It does not, either expressly or by inference, give him the right to interfere with the means Stark chose to use to accomplish the work.   Such right is not reserved in the agreement, and it was not within the contemplation of the parties that the engineer could compel a forfeiture of the agreement by assuming at his will to give directions in matters over which the agreement did not give him jurisdiction.   The right of the engineer was to fix the grades and alignment of the road, to establish the amount of work done each month, to approve the work when completed and to employ workmen in case Stark failed to provide sufficient force to accomplish the work within the specified time.   There is nothing in the agreement which even hints at the right of the engineer to control or in any way interfere with the means which Stark might choose to employ in the work.   Stark testified that the work was exclusively in his control and that the engineer did not interfere with the means he chose to accomplish it.   Stark had the right to and did use whatever means he chose to make the excavations.   The defendant or its engineer had no right to direct that they should be made by picks or dynamite.   He also had the right to remove the excavated dirt by such means as he saw fit, whether by wheelbarrows, carts or cars or by any other sort of conveyance he chose.   The defendant had no concern in such matters, and did not exercise any control over them.   We are clearly of opinion that this case comes within the rule laid down in City of Erie v. Caulkins, 85 Pa. 247, Reed v. Allegheny City, 79 Pa. 300, School District v. Fuess, 98 Pa. 600, Painter v. Pittsburg, 46 Pa. 213, Edmundson v. R. R. Co., 111 Pa. 316, Harrison v. Collins, 86 Pa. 153, and other cases.

The provision in the agreement that the contractor shall " in-
demnify and save harmless the defendant from payment of all
sums of money by reason of all or any such accidents, injuries,
damages or hurt that may happen or occur upon or about said
works," does not impose any additional liability upon the de-
fendant: City of Erie v. Caulkins, supra.

All of the cases cited by plaintiffs' counsel are clearly distin-
guishable from this one.  It is necessary to refer to only a few
of them.   In Reynolds v. Braithwaite, 131 Pa. 416, Braithwaite
was held responsible for the cutting of Reynolds's water pipe by
a contractor, because " he was present when it was done and
promptly adopted the act as his own."   In the case of Congre-
gation v. Smith, 163 Pa. 561, the injury complained of was the
caving in of a sewer which had been constructed by the defend-
ant under a contract with the city of Easton.   It appeared from
the evidence and it was found by the jury that the negligence
in constructing the sewer was the fault of the direction of the
engineer of the city, who directed the manner of its construc-
tion and filling up the excavation.   It was held that if the con-
tractors followed the directions of the engineer, but in carrying
out his directions they negligently did the work, and the injury
complained of resulted from such negligence, the contractors
would have been responsible.   In his opinion Mr. Justice DEAN
says : " The plaintiff alleged it was negligence to leave the
sheeting and to puddle the filling of the trench; the defendants
replied that this was not negligence, but even if it were the
city did it, not we. . . . True, if the puddling was negligently
done after the engineer directed the contractors to follow that
method, and such negligence occasioned the injury, the con-
tractor could not have escaped liability because the city had
changed the method."   That case emphasizes the rule that
" when a person contracts with another to do a work for him
according to the contractor's own methods, and not subject to
his control or orders, except as to the results to be obtained,
the former is not liable for the wrongful acts of such contractor
or his servants."   In the case of Homan v. Stanley, 66 Pa. 464,
an owner contracted with one person to dig the cellar; with
another to do masonry, and the third to put up the structure.
Having split up the work, and having made no provision for
the supervision or the erection of barriers by either contractor,

it was held the owner was personally liable to one who fell in an excavation and was injured. In Improvement Co. v. Rhoads, 116 Pa. 377, the turnpike company continued to take tolls on its road while repairs upon it were in progress, and was, therefore, responsible to the traveler to furnish him a safe road.

This motion must, therefore, be denied.

Now, December 31, 1898, the motion for a new trial is overruled and judgment directed to be entered on the verdict upon payment of jury fee.

**Judgment for defendant. Plaintiff appealed.**

*Errors assigned* were (1–3) above instructions, quoting them.

*O. H. Hewit,* for appellants.—The defendant is not exonerated from liability on the ground that Stark was an independent contractor, because it reserved to itself by the contract the right to control the manner of the execution of the work: Reynolds v. Braithwaite, 131 Pa. 416; Campbell v. Lunsford, 3 So. Rep. 522; Schwartz v. Gilmore, 45 Ill. 455; R. R. Co. v. Hanning, 15 Wall. 649; Speed v. Atlantic & Pacific R. R. Co., 71 Mo. 303; McMasters v. Penna. R. Co., 3 Pitts. Rep. 1; Linnehan v. Rollins, 137 Mass. 123.

Even if there had been no reservation of control in the contract the defendant is still liable, because, through its agents, it exercised actual control over the execution of the work: Hart v. Ryan, 6 N. Y. Supp. 921; Fox v. Porter, 18 Pa. C. C. R. 641.

Even if the contractor in the case at bar had been exercising an independent employment, the defendant could not claim exoneration from liability on that ground, because the injury resulted from the very acts which it employed the contractor to do: Ellis v. Sheffield Gas Consumers Co., 2 El. & Bl. 767; Carman v. Steubenville, etc., R. R. Co., 4 Ohio, 399; Robbins v. Chicago, 4 Wall. 657; Water Co. v. Ware, 16 Wall. 566; Palmer v. Lincoln, 5 Neb. 136; Spence v. Schultz, 37 Pac. Rep. 220; Curtis v. Kiley, 153 Mass. 123; Wiggin v. St. Louis, 37 S. W. Rep. 528; City of Tiffin v. McCormack, 34 Ohio, 638; R. R. Co. v. Morey, 47 Ohio, 207; Thompson v. Lowell, etc., St. Ry. Co., 170 Mass. 577.

*Thomas H. Greevy*, of *Greevy & Walters*, for appellee.—As the accident was caused by the negligence of an independent contractor, defendant is not liable: City of Erie v. Caulkins, 85 Pa. 247; School District of the City of Erie v. Fuess, 98 Pa. 600; Patterson's Railway Accident Law, sec. 125; Edmundson v. P. M. & Y. R. R. Co., 111 Pa. 316; Painter v. Mayor, etc., of Pittsburg, 46 Pa. 213; Wray v. Evans, 80 Pa. 102; First Presbyterian Congregation v. Smith, 163 Pa. 561; Eby v. Lebanon County, 166 Pa. 623; Pack v. City of New York, 8 N. Y. 222; Vogel v. Mayor, etc., of N. Y., 92 N. Y. 18; Weber v. Buffalo Ry. Co., 20 App. Div. (N. Y. Sup. Ct.) 294; Bayer v. Chicago, M. & N. R. R. Co., 68 Ill. App. 219; Eaton v. European, etc., Ry. Co., 59 Me. 520; Humpton v. Unterkircher, 66 N. W. Rep. 776; Hunt v. Penna. R. Co., 51 Pa. 475; Allen v. Willard, 57 Pa. 382; Harrison v. Collins, 86 Pa. 153; Smith v. Simmons, 103 Pa. 32; Borough of Susquehanna Depot v. Simmons, 112 Pa. 384; Thompson v. Lowell, etc., St. Ry. Co., 170 Mass. 577.

PER CURIAM, May 8, 1899:

This case was ably and correctly tried before the learned president of the twentieth judicial district. In his opinion denying the motion for a new trial the salient facts of the case, together with the principles involved, etc., are so fully set forth that little, if anything, can be profitably added in vindication of his rulings.

Plaintiffs' request for instructions, recited in the first specification, was rightly refused, because there was no sufficient evidence of the facts of which it is predicated to justify submission of the questions involved to the jury.

The undisputed evidence was that, under his contract with the defendant company for grading the track and laying the rails, Cyrus N. Stark was an independent contractor and, as such, had a right to do the work and direct its performance in such manner as he chose, independently of any right of the defendant railway company. The latter had no other control over the work than to approve or disapprove of it when completed by Stark; and, inasmuch as the defendant company had no right to interfere with him or his employees, the negligence of the latter could not be imputed to it. It therefore follows

that there was no error in the instructions recited in the second specification.

For same reasons, there was no error in directing the jury to find for defendant, as complained of in the third and last specification.

Without further comment, the judgment is affirmed on the opinion of the learned judge who specially presided at the trial.