# Connor *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Master and servant—Relation of master and servant—Evidence —Public cabs.*

In an action to recover damages from one person for the negligence of another, upon the principle of respondeat superior, the plaintiff cannot recover unless it is made to appear that the relation of master and servant in fact existed, whereby the negligent act of the servant was legally imputable to the master.

Even where the relation of the master and servant exists, the former is only liable for the acts of the latter done in the course of his employment, and while the question of what is within the course of such employment is usually one for the jury, when the facts are undisputed and it clearly appears that the act of the servant was outside the line of his employment, it is the duty of the court to so declare.

The owner of property is not responsible for the negligence of a person acting independently, in the execution of some undertaking therewith or in connection therewith, when the owner does not have the right to control and does not control the method of execution.

Where a railroad company, the owner of hansom cabs and horses, leases the same to drivers by a written agreement, by which the drivers are to pay a certain rental per day, not to use the horses for more than a number of hours prescribed, wear a particular uniform and abstain from liquor during the time of the contract, but otherwise the drivers are permitted to use the property at their discretion, without any regulation as to the manner of driving, or the place of driving, the contract between the railroad company and the drivers creates the relation of bailor and bailee, and not that of master and servant, so as to make the company liable for the negligence of the drivers. In such a case where there is no evidence whatever of any fact which tended to show that the agreement was a mere cover to conceal a contract constituting the parties master and servant, it is error for the court to leave it to the jury to say whether the lease was merely a cover for another contract.

Argued Oct. 15, 1902. Appeal, No. 93, Oct. T., 1902, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1901, No. 196, on verdict for plaintiff in case of John J. Connor v. Pennsylvania Railroad Company. Before Rice, P. J., Orlady, W. W. Porter and W. D. Porter, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Wiltbank, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $900. Defendant appealed.

242   CONNOR v. PENNA. RAILROAD CO., Appellant.

Assignment of Errors—Opinion of the Court. [24 Pa. Superior Ct.

*Errors assigned* were (1) portion of charge quoted in the opinion of the Superior Court; (2) refusal of binding instructions for defendant.

*John G. Johnson*, with him *J. Howard Rhoads* and *Edwin Jaquette Sellers*, for appellant.—A verdict should have been directed in favor of the appellant, because the uncontradicted evidence established the relation between itself and the driver of the hansom as that of bailor and bailee: Fowler v. Lock, L. R. 7 C. P. 272; Venables v. Smith, L. R. 2 Q. B. Div. 279; Gates v. Bill, L. R. (1902) 2 K. B. 38; Blattenberger v. Little Schuylkill Nav. Co., 2 Miles, 309; Harrison v. Collins, 86 Pa. 153; Thomas v. Altoona, etc., Elec. Ry. Co., 191 Pa. 361; Hunt v. Penna. R. R. Co., 51 Pa. 475; Allen v. Willard, 57 Pa. 374; Congregation v. Smith, 163 Pa. 561.

There was no evidence which justified a submission to the jury of the question whether the contract of hiring of the hansom was a cover or sham.

*Frederick H. Warner*, with him *Arthur B. Houseman*, for appellee.—There was sufficient evidence of the relation of master and servant existing between the defendant and the driver of the hansom as to require its submission to the jury: McCoun v. N. Y. Cent., etc., R. R. Co., 66 Barb. 338; Powles v. Hider, 88 Eng. Common Law Rep. 207; Norris v. Kohler, 41 N. Y. 42; Svenson v. Atlantic Mail S. S. Co., 57 N. Y. 108; Howard Express Co. v. Wile, 64 Pa. 201; B. & O. R. R. Co. v. Hoge, 34 Pa. 214; Brunner v. Tel. Co., 151 Pa. 447; Campbell v. Accident Assn., 172 Pa. 561; Kohler v. Penna. R. R. Co., 135 Pa. 346.

The evidence did not show any relation of bailor and bailee between the defendant and the driver of its hansom: Corbin v. American Mills, 27 Conn. 274; Allen v. Willard, 57 Pa. 374.

The plaintiff had a right to prove the defendant and driver to be master and servant, and such proof would necessarily show the alleged lease to be a cover: B. & O. R. R. Co. v. Hoge, 34 Pa. 214; Powles v. Hider, 88 Eng. Common Law Rep. 207.

OPINION BY W. D. PORTER, J., March 14, 1904:

The injuries for which the plaintiff seeks to recover were

caused by a collision between the wagon in which he was riding and a hansom cab owned by the defendant company and then being driven by William Alexander. The only negligence alleged or attempted to be proved was that of the driver, and unless he was acting as the servant or agent of the defendant this judgment cannot be sustained. In an action to recover damages from one person for the negligence of another, upon the principle of respondeat superior, the plaintiff cannot recover unless it is made to appear that the relation of master and servant in fact existed, whereby the negligent act of the servant was legally imputable to the master: Stevens v. Armstrong, 6 N. Y. 435 ; McCullough v. Shoneman, 105 Pa. 169 ; Fuhrmeister v. Wilson, 163 Pa. 310. Even where the relation of master and servant exists, the former is only liable for the acts of the latter done in the course of his employment, and while the question of what is within the course of such employment is usually one for the jury, when the facts are undisputed and it clearly appears that the act of the servant was outside the line of his employment it is the duty of the court to so declare: Towanda Coal Co. v. Heeman, 86 Pa. 418 ; Arzt v. Lit, 198 Pa. 519 ; Simmons v. Pennsylvania Railroad Co., 199 Pa. 232 ; Guille v. Campbell, 200 Pa. 119.

The owner of property is not responsible for the negligence of a person acting independently, in the execution of some undertaking therewith or in connection therewith, when the owner does not have the right to control and does not control the method of execution : Hunt v. Pennsylvania Railroad Co., 51 Pa. 475 ; Harrison v. Collins, 86 Pa. 153 ; Allen v. Willard, 57 Pa. 374 ; Thomas v. Altoona, etc., Elec. Railway Co., 191 Pa. 361 ; Congregation v. Smith, 163 Pa. 561 ; Hilliard v. Richardson, 69 Mass. 349. The English cases which hold the owner of a public cab liable for the negligence of the driver, who at common law would have been a bailee of the vehicle are all based upon the provisions of the Metropolitan Hackney Carriage Act : Powles v. Hider, 88 Eng. Common Law Rep. 207 ; Fowler v. Lock, L. R. 7 Common Pleas, 272 ; Venables v. Smith, L. R. (1877), 2 Q. B. Div. 279 ; Gates v. Bill, L. R. (1902) 2 K. B. 38 ; King v. London Improved Cab Co., L. R. 23 Q. B. Div. 281. The mere ownership of the cab in the present case did not render the defendant company liable, unless the driver was its servant,

or the manner in which the cab was operated was subject to its control.

Proof of ownership may, under some circumstances, be sufficient to sustain an inference in favor of a third party that a person in charge of property was the agent or servant of the owner: McCoun v. N. Y. Cent., etc., R. R. Co., 66 Barb. 338; Norris v. Kohler, 41 N. Y. 42; Edgeworth v. Wood, 58 N. J. 463 (33 Atl. Rep. 940). The relation of the defendant company and the driver to each other was not, however, in the present case, left to mere inference. The plaintiff called Alexander, the driver, and proved by him that upon the day in question he " drove hansom No. 60, belonging to the Pennsylvania Railroad Co." but did not see fit to interrogate him as to how the cab came to be in his possession. Counsel for the defendant exercised their right to cross-examine the witness who testified that he had leased the cab from the defendant company under an agreement in writing which was produced and identified. The plaintiff did not even then see fit to offer this written agreement in evidence, but closed his testimony, which established, if it proved anything, that he had been injured through the negligence of a man who had leased a cab from the defendant company. The defendant company subsequently offered, in connection with other evidence, the written agreement under which the cab and two horses were hired to Alexander, and Alexander was recalled as a witness and examined and cross-examined at length. The oral testimony of Alexander disclosed nothing which varied the terms of the written agreement, nor anything which would have warranted a finding that the defendant company exercised any control over the driver with regard to the manner of operating the cab. The agent of the defendant company, under the terms of the written agreement; " For and in consideration of the sum of four dollars and on the conditions as stated below, hires to William Alexander, driver, hansom No. 60, with two horses, for thirteen hours from 9.15 A. M. of the date stamped on the back of the certificate." The conditions embodied in the contract required that the bailee should not use a horse longer than six and one half hours without return to stable for exchange, that he should wear uniform as prescribed, that during the time of the contract he should abstain from the use of all intoxicat-

ing drinks and present a neat and clean appearance, that he
should conform strictly to prescribed rates and other regula-
tions, and upon a violation of any of these conditions the
bailor might cancel the unexpired term of the agreement.
These conditions protected the horses of the bailor from injury
by being continuously driven longer than a fixed period of time,
rendered possible the easy identification of the bailee through
his uniform, tended to keep him in condition fit to have the
property in charge and were a check upon extortion from pas-
sengers, but they imposed no limitation, and gave the bailor
no power to impose a limitation upon the discretion of the
bailee as to where he should drive, or the manner in which he
should use the property during the time he had the right to use
it. He was not required to go to any particular cab-stand,
might take the cab to any part of the city he chose, and what-
ever fares he took were his own ; the appellant had no interest
in the receipts of the cab. The regulations with which the
driver was obliged to conform had no relation to the manner
in which he used the hansom or drove the same. It appears in
evidence that there was an arrangement among the various
drivers that when upon the cab-stand at Broad street station
the orders which came through the office there should be filled
by the cabs then disengaged which had first come upon the
stand, but even there, each driver had the right to pick up any
fare which offered. It affirmatively appeared that there were
no regulations covering the manner of driving. The learned
judge of the court below was clearly right in holding that this
contract between the defendant company and Alexander created
the relation of bailor and bailee, and not that of master and
servant. When he went further, however, and said to the
jury: " Whether or not there was a bailment will depend upon
your concluding from the facts of the case that the arrange-
ment of lease was merely a cover ; that it was a cover to ac-
complish the object of exempting the company from responsi-
bility for its driver. . . . I leave it to you to say, whether or
not it was a cover, and Alexander was really employed by the
company defendant as a driver ; " he fell into error. The mo-
tive of the company in determining the conditions of the con-
tracts into which it entered was not material, if it was unwilling
to assume the responsibility of an employer of the drivers of

cabs, it had a right to decline to enter into that relation. The evidence as to the contract was clear and uncontradicted, in the execution thereof there was no evidence of any departure from its terms in the subsequent dealings of the parties, and no fact was proved which tended to throw doubt upon the good faith of the contracting parties. No fact was proved from which a jury ought to be permitted to infer that the written agreement was a mere cover to conceal some other contract, which constituted the parties master and servant. All the assignments of error are sustained, and the judgment is reversed.