# Gibson *v.* Bessemer & Lake Erie Railroad Company, Appellant.

*Negligence—Joint tort feasors—Bailment—Horse—Railroads.*

Where the owner of a livery stable lets out a horse and buggy, and the horse is killed at a grade crossing by the joint negligence of the bailee and the railroad company, the negligence of the bailee is not to be imputed to the owner of the horse, so as to prevent him from recovering from the railroad company.

Argued May 12, 1908.  Appeal, No. 38, April T., 1908, by defendant, from judgment of C. P. Butler Co., Dec. T., 1906, No. 68, on verdict for plaintiff in case of Martin L. Gibson v. The Bessemer & Lake Erie Railroad Company.  Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ.  Affirmed.

Trespass to recover damages for the death of a horse.  Before Galbreath, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $269.67.  Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Lev. McQuistion*, with him *C. L. McQuistion*, for appellant.

*John R. Henninger*, for appellee.

Opinion by Beaver, J., July 15, 1908:

Plaintiff let for hire to one Lantz a horse and buggy.  With a companion, Lantz attempted to cross the railroad of the defendant at a grade crossing.  On cross-examination, in answer to the question, "You didn't stop?" he said "No, sir," and later, as the reason for not doing so, said that, having looked down the track and afterwards up the track, he saw no occasion for stopping and drove on and, when the horse was upon

the track, the tender of a locomotive backed and struck and killed him.

The bailor, the owner of the horse, seeks to recover in this case from the railroad company the value of the horse and damages for the injury to the vehicle to which it was attached. If Lantz, the bailee of the horse and buggy, were the plaintiff here, it is clear that there could be no recovery, because of his admitted contributory negligence in disregarding the well-known rule of "Stop, look and listen." The court left it for the jury to say whether or not the defendant was negligent.

The assignments of error which relate to the answers of the court to the points submitted by the defendant and the plaintiff and the refusal of the defendant's motion for judgment non obstante veredicto all raise practically the same question, which is presented in the defendant's first point and the court's answer thereto as follows: "It was the imperative duty of E. E. Lantz, the occupant and driver of the buggy, to have stopped, looked and listened at the point at which he could see and hear, before crossing the railroad track. *Answer:* Affirmed as a rule of law, but not applicable in this case, for the reason that Lantz is not the plaintiff, unless his failure to do so was the sole cause of the accident.

The third assignment of error relates to the answer of the plaintiff's first point, which was: "If M. L. Gibson, as keeper of a livery barn, hired, as bailor, to Ed. Lantz, bailee, a horse, buggy and harness, he, as such bailor, cannot be charged with, or held responsible for, the negligence of Ed. Lantz, bailee, if said Lantz was negligent in crossing the Bessemer & Lake Erie tracks in Butler borough. *Answer:* That is affirmed, with the qualification that you will recollect what I have already said to you, that, if the negligence of the driver was the sole cause of the accident, there could be no recovery."

The plaintiff's second point and the answer thereto raise the other question embraced in the case: "If the Bessemer & Lake Erie Railroad Company was negligent in not ringing the bell and blowing the whistle, or by running at an unlawful and undue rate of speed through Butler borough, and over a leading thoroughfare, and the jury so find, then the fact that driver, a

bailee, was negligent will [not] excuse the negligence of said company, and the plaintiff is entitled to recover."

The plaintiff's third point raises the whole issue more clearly and is: "If the plaintiff, M. L. Gibson, hired or bailed a horse and buggy to Ed. Lantz, and the horse was killed and the buggy destroyed, while said Lantz was driving the same over the Bessemer & Lake Erie Railroad tracks in Butler borough, and both Lantz, bailee, and said railroad company were negligent, which negligence resulted in the destruction of the said bailor's property, the bailor could sue both parties together, or either separately, and so recover the price of his property so destroyed. *Answer:* That is affirmed."

The appellant has argued the case here as though the contributory negligence of Lantz, the bailee, was chargeable to the plaintiff, who was the bailor for hire, and that such contributory negligence being established by Lantz himself, there can be no recovery on the part of the plaintiff. As already seen, the court held this to be correct, in case the negligence of Lantz was the sole cause of the accident which resulted in the death of the horse and the partial destruction of the buggy, but that, if the railroad company was also negligent, then the defendant would be liable. If the defendant and Lantz were both negligent—and that the defendant was so negligent has been found by the jury—which of them would be responsible for the injury? They were joint tort feasors; their concurrent negligence caused the accident.

It was held in McColligan v. Penna. R. R. Co., 214 Pa. 229, that the driver of a hansom belonging to the Pennsylvania Railroad Company, who leased the horse and equipage from the railroad company for hire under a written contract, was not a servant of, but was the bailee of the railroad company, and that his negligence, which caused an injury to the plaintiff in that case, was not to be imputed to the bailor, Mr. Justice ELKIN saying in the opinion: "The decisive question raised by this appeal is whether, as between the defendant and the driver of the hansom, the relation was one of master and servant or of bailor and bailee. If the former, the master is liable for the negligence of the servant; if the latter, the negli-

gence of the bailee cannot be imputed to the bailor." See also Connor v. Penna. Railroad Co., 24 Pa. Superior Ct. 241.

Under this principle, although the application of it here is to a different state of facts, the present plaintiff cannot be charged with the. negligence of the bailee, whose contributory negligence would have prevented recovery against the defendant, if he had been seeking redress for personal injuries. It follows that, if the defendant negligently contributed to the accident which caused the death of the plaintiff's horse and the injury to his buggy, it would be liable.

In Little, Receiver, v. Hackett, 116 U. S. 366, it is held that "A person who hires a public hack and gives the driver directions as to the place to which he wishes to be conveyed, but exercises no other control over the conduct of the driver, is not responsible for his acts or negligence, or prevented from recovering against a railroad company for injuries suffered from a collision of its train with the hack, caused by the negligence of both the managers of the train and of the driver." Mr. Justice FIELD, who delivered the opinion of the court, says, in reference to the principle involved: "That one cannot recover damages for an injury to the commission of which he has directly contributed is a rule of established law and a principle of common justice. And it matters not whether that contribution consists in his participation in the direct cause of the injury, or in his omission of duties which, if performed, would have prevented it. If his fault, whether of omission or commission, has been the proximate cause of the injury, he is without remedy against one also in the wrong. It would seem that the converse of this doctrine should be accepted as sound— that when one has been injured by the wrongful act of another to which he has in no respect contributed, he should be entitled to compensation in damages from the wrongdoer. And such is the generally received doctrine, unless a contributory cause of the injury has been the negligence or fault of some person towards whom he sustains the relation of superior or master, in which case the negligence is imputed to him, though he may not have personally participated in or had knowledge of it, and he must bear the consequences. The doctrine may

also be subject to other exceptions growing out of the relation of parent and child, or guardian and ward, and the like. Such a relation involves considerations which have no bearing upon the question before us.

"To determine, therefore, the correctness of the instruction of the court below—to the effect that if the plaintiff did not exercise control over the conduct of the driver at the time of the accident, he is not responsible for the driver's negligence, nor precluded thereby from recovering in the action—we have only to consider whether the relation of master and servant existed between them. Plainly that relation did not exist. The driver was the servant of his employer, the livery stable keeper, who hired out him with horse and carriage and was responsible for his acts."

A very full discussion of the cases in England and in this country follows, and, in closing his opinion, Mr. Justice FIELD says: "But, as we have already stated, responsibility cannot, within any recognized rules of law, be fastened upon one who has in no way interfered with and controlled in the matter causing the injury. From the simple fact of hiring the carriage or riding in it no such liability can arise. The party hiring or riding must in some way have co-operated in producing the injury complained of before he incurs any liability for it. 'If the law were otherwise,' as said by Mr. Justice DEPUE in his elaborate opinion in the latest case in New Jersey, 'not only the hirer of the coach but also all the passengers in it would be under a constraint to mount the box and superintend the conduct of the driver in the management and control of his team, or be put for remedy exclusively to an action against the irresponsible driver or equally irresponsible owner of a coach taken, it may be, from a coach stand, for the consequences of an injury which was the product of the co-operating wrongful acts of the driver and of a third person, and that, too, though the passengers were ignorant of the character of the driver, and of the responsibility of the owner of the team, and strangers to the route over which they were to be carried:' New York, Lake Erie & Western Railroad Co. v. Steinbrenner, 47 N. J. L. (18 Vroom) 161."

Our own cases of Dean v. Penna. R. R. Co., 129 Pa. 514, and Bunting v. Hogsett, 139 Pa. 363, contain discussions of the same general principle. In the former, Mr. Justice CLARK very fully discusses the leading English case, Thorogood v. Bryan, 8 C. B. 115 (65 E. C. L. 114). This case is shown to be reversed by the English court of appeals in The Bernina, L. R., 12 Prob. Div. 58, decided in January, 1887. There is also a full citation of the authorities of the cases in this country, wherein it has been approved or "rejected as altogether indefensible." In the latter case, Mr. Justice CLARK says: "The rationale of the rule of Thorogood v. Bryan is expressly disavowed in our own case of Lockhart v. Lichtenthaler, and it is now rejected as untenable and wholly indefensible.

"Nor is there any rule or principle of public policy which will support such a doctrine. If a person is injured by the concurrent and contributory negligence of two persons, one of them being at the time the common carrier of his person, there is no reason, founded in public policy or otherwise, which should release one of them and hold the other. It is true the carrier may be subjected to a higher degree of care than his co-tort feasor, but this affords no reason why either or both of them should not be held to that degree of care respectively, which the law imposes upon them, and be answerable in damages accordingly. The general rule undoubtedly is, if a person suffers injury from the joint negligence of two parties, and both are negligent in a manner which contributes to the injury, they are liable jointly and severally, and it would seem in principle to be a matter of no consequence that one of them is a common carrier. Neither the comparative degree of care required nor the comparative degrees of culpability established can affect the liability of either."

Applying the principle laid down in these cases, we can see no error in the answers to the points of both defendant and plaintiff, as complained of by the appellant, nor in the refusal of the court to enter judgment n. o. v. for the defendant. The plaintiff not being responsible for the negligence of his bailee in the use of the horse and vehicle hired to him, the question of the negligence of the defendant was fairly submitted to the

jury in a charge of which no complaint is made, the court saying: "The burden of proof of negligence on part of the defendant company rests upon the plaintiff. He must prove to you by the weight of the evidence in the case that the accident happened through the negligence of the defendant company in some degree; that is, it either caused it in whole or contributed to the injury, and, if you find such is the case, that the defendant company either was negligent and that negligence resulted in this accident or contributed to the accident, in that event we say the plaintiff will be entitled to recover."

The plaintiff, under the application of the principle set forth in the cases cited, although the facts here are different from any of them, was not in any sense responsible for the conduct of his bailee. The contributory negligence of the bailee cannot be imputed to him, because he did not control his actions in any sense or to any extent. If, therefore, as we have already said, the defendant contributed to the accident which caused the death of the plaintiff's horse and the destruction of his vehicle, it is responsible, and the jury having found that its negligence contributed to the accident, the verdict, moderate in amount, upon which the judgment has been entered, should stand.

Judgment affirmed.

PORTER, MORRISON and ORLADY, JJ., dissent.