# Hershinger *v.* Pennsylvania Railroad Company, Appellant.

*Evidence—Name on public conveyance—Hansom cab—Railroads—Negligence.*

In an action against a railroad company to recover damages for personal injuries sustained through the negligence of the driver of a hansom cab, where it is admitted by the defendant that the name of the railroad company was printed on the cab, and this fact is the only evidence in the case as to the ownership of the cab, an instruction is erroneous which charges that the evidence is sufficient to sustain a finding that the driver was the servant of the defendant, without permitting the jury to draw the previous inference from the name on the cab, that the defendant was its owner. In such a case where a judgment is entered for plaintiff on the verdict on a point reserved, the appellate court in reversing the judgment, must grant a new venire.

*Negligence—Bicycle—Hansom cab—Law of the road.*

Where the driver of a hansom cab suddenly and without notice deflects his vehicle from the right side of the road to the left, and there strikes a bicycler, who was approaching him from the opposite direction, the question of the driver's negligence is for the jury.

Argued Oct. 15, 1903. Appeal, No. 117, Oct. T., 1903, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1902, No. 1178, on verdict for plaintiff in case of Edwin Hershinger, by his next friend, Ida Hershinger, his Mother, v. Pennsylvania Railroad Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $300. Defendant appealed.

148 HERSHINGER *v.* PENNA. RAILROAD CO., Appellant.

Assignment of Errors—Opinion of the Court. [25 Pa. Superior Ct.

*Errors assigned* were (1) portion of charge quoted in opinion of the Superior Court; (2) refusal of judgment for defendant non obstante veredicto.

*E. J. Sellers,* of *Sellers & Rhoades,* for appellant.—To enable the plaintiff to recover he should establish the relation of master and servant between the driver and the defendant: Hart v. New Orleans & Carolina R. R. Co., 36 Am. Dec. 689.

It will be observed that the testimony of the plaintiff failed to establish the ownership of the hansom, nor did that of the defendant admit it. A stranger to the owner of the horse and carriage may obtain possession of the same, and by negligent driving, injure another, but the person thus injured cannot recover against the owner: Bard & Wenrich v. Yohn, 26 Pa. 482.

*T. Foster Thomas* and *William W. Porter,* for appellee.— The plaintiff proved that the cab that caused the injury bore the name of defendant company. The defense offered no evidence at all to rebut this prima facie proof of the relation of master and servant between the cab driver and defendant company.

This required that the case should be submitted to the jury: Doherty v. Lord, 8 Misc. Rep. 227 (28 N. Y. Supp. 720); Edgeworth v. Wood, 58 N. J. Law, 463 (33 Atl. Repr. 940); Schulte v. Holliday, 54 Mich. 73 (19 N. W. Repr. 752); Birnbaum v. Lord, 7 Misc. 493 (28 N. Y. Supp. 17); Norris v. Kohler, 41 N. Y. 42; Seaman v. Koehler, 122 N. Y. 646 (25 N. E. Repr. 353); Perlstein v. Express Co. (59 N. E. Repr. 194), 177 Mass. 530; Tuomey v. O'Reilly, 142 N. Y. 678 (37 N. E. Repr. 825); Spitzer v. Nassau Newspaper Delivery Exp. Co. (45 N. Y. Supp. 682), 20 Misc. 327; Howard v. Ludwig (67 N. Y. Supp. 1095), 57 App. Div. 94; Baldwin v. Abraham (67 N. Y. Supp. 1079), 57 App. Div. 67; Stables v. Eley, 1 C. & P. 614.

OPINION BY BEAVER, J., May 11, 1904:

A horse attached to a hansom, bearing a name inscribed thereon was driven southward on the right side of Broad street. The plaintiff was upon a bicycle on the right side of the street

going north.   When nearly opposite each other, the driver of the hansom veered suddenly to the left, intending doubtless to water his horse at a fountain in the neighborhood.   A collision occurred by which the plaintiff sustained bodily injuries. Hence this suit.

The name borne upon the hansom does not clearly appear in the evidence, as printed by the appellant.   The testimony of the plaintiff is the only evidence relating to this question, which is as follows : " Q. Tell what occurred.   A.   When I came to a little below Spring Garden street, I saw a Pennsylvania Railroad cab coming down.   Q. How do you know it was a Pennsylvania Railroad cab ?   A.   Because it had a name on it.   Q. On it?   A. Yes, sir.   Q. What did the driver wear? A. A brown suit."   At the conclusion of the testimony, however, defendant moved the court for binding instructions in favor of the defendant and, after argument, this statement, evidently made by the court, occurs : " It is admitted that the only evidence that the driver was a servant of the defendant was the fact that the hansom had the name of the defendant company on it.   The court reserves the question whether this is sufficient evidence that the driver was the servant of the defendant company.   The court also reserves the question whether there is any evidence to be submitted to the jury."   In the appellant's paper-book, in the statement of the question involved, it is assumed that the name of the appellant was upon the hansom and, in the history of the case, it is stated : " It was admitted that the only evidence that the driver was a servant of defendant was the fact that the hansom had the name of appellant upon it."

1. The first error assigned is as to the following instruction to the jury : " The court has ruled there was sufficient evidence that its driver was the servant of the defendant corporation and, as there was no evidence presented in contradiction of that prima facie case, you may consider the case, if you believe that testimony, as one where the driver was the servant of the defendant corporation."   We will consider this assignment in connection with the first proposition of the second assignment, in which the failure of the court below to enter judgment for defendant, non obstante veredicto, is assigned for error, which is " 1. That plaintiff failed to establish the relation of mas-

ter and servant between the driver of the hansom and defendant."

Assuming that the hansom bore the name of the defendant company, in the absence of any evidence of ownership to the contrary, this was in itself sufficient to authorize the jury, under proper instructions, to draw an inference of ownership, which, if drawn by them, was sufficient to establish prima facie that the hansom, being owned by the company, was in its possession and that whoever was driving it was doing so for the company. This would have been correct if the jury had been allowed first to draw the inference from the fact of the inscription upon the hansom, that it belonged to the defendant corporation. We do not know what effect this instruction may have had upon the verdict of the jury. It was not absolutely incumbent upon them to draw the inference of ownership and they might possibly have found the other way. The instruction was, therefore, to that extent erroneous. This will be more apparent in the consideration of the authorities which follow upon another branch of the case.

2. The appellant requests " that the judgment be reversed without a venire or else judgment for defendant, non obstante veredicto, be rendered." We have carefully considered this request and are unable to see how the judgment can be reversed, without a retrial before a jury. This seems to us to be apparent from a study of the authorities, cited by both appellant and appellee, which follow.

The appellant (defendant) refers to Hart v. New Orleans & Carrollton Railroad Co., 36 Am. Dec. 889, as an authority for the proposition that the mere name of a corporation painted upon a public conveyance is not prima facie evidence of ownership but in that case an omnibus, the negligence of whose driver caused the injuries for which suit was brought, contained the name " Carrollton " and this we think was very properly held by the appellate court not to have been " sufficient or probable evidence of property in the defendants," whose corporate name was " The New Orleans and Carrollton Railroad Company." Later on in the same case Judge GAR-LAND, who delivered the opinion, says : " The plaintiff then asked A. E. Crane if it were not within his knowledge at the time the damage was done that the defendants were generally

reputed and known as the owners of the omnibus in question, and whether it was a matter of public notoriety. To these questions the defendants objected, on the ground that it was hearsay testimony. The objection was sustained and the plaintiff again excepted. We think the judge again erred in rejecting this testimony. It was not necessary that the plaintiff should prove a legal title to the omnibus in the defendants, but only make out a prima facie right; and it would then rest with them to satisfy the jury that public reputation was wrong or to show, what would not be very difficult in a case of this kind, that the omnibus belonged to some other corporation, company or individual." This seems to be a plain recognition of the principle for which the plaintiff here contends and that is further sustained by Edgeworth v. Wood, 58 N. J. Law, 463 (33 Atl. Repr. 940), a case cited by the appellee. Witnesses there had proved that the name of the United States Express Company was painted upon a wagon which caused the injury for which damages were claimed and, in commenting thereupon, the court said: "Considering the great improbability that any other owner of a wagon would thus paint and mark it, a plain inference could be drawn from the evidence that the wagon in question was in the ownership of the company. If that inference be drawn, it is sufficient to establish prima facie that the wagon, being owned by the company, was in its possession and that whoever was driving it was doing so for the company."

The foundation for at least one branch of the proposition contained in these decisions is laid in Joyce v. Capel et al., 8 C. & P. 370; 34 Eng. Com. Law Rep. 433. In that case the action was for damages for injury to a tug boat of the plaintiff caused by the negligence of the bargeman in charge of a barge belonging to the defendants. The barge bore the name Capel No. 1,055, and it was proved that the number 1,055 was the number belonging to the barge of the defendants. It was contended on the part of the defendants that it was not shown that the barge was navigated by the defendants' servant at the time. It might have been taken by some one else or it might have been on hire. Lord DENMAN, C. J., said: "If the barge was on hire, that will be for the defendants; there is prima facie evidence that the bargeman was their servant, till they explain it."

The principle contended for is not unreasonable for, if the vehicle did not belong to the defendant and the driver of it was not its agent, it could doubtless have easily so shown on the trial. It is not within the range of probability that a large business house or a great corporation of any kind would permit a vehicle bearing its name to be driven about the streets by irresponsible persons, and, if such a thing were done, their failure to explain it would be a material fact which the jury might consider. It is a well settled general principle that " where evidence which would properly be part of a case is in the control of a party to whose interest it would naturally be to produce it and, without satisfactory explanation, he fails to do so, the jury may draw an inference that such evidence, if produced, would be unfavorable to him : " 6 P. & L. Dig. of Dec. 10,343.

In view of the distinct admission by the defendant that the name of the defendant company was painted upon the vehicle, to which was attached the horse driven by the driver who caused the injury to the plaintiff and in view of the authorities which we have cited at length, we cannot see why this is not a case for a jury; and, if, in its submission of it to the jury which tried it, the court below had allowed it to exercise its legitimate function in determining whether or not the name of the defendant company upon the hansom established the fact of ownership in it and the jury had so found, the remainder of the proposition would have followed. We cannot, therefore, say that the refusal of the court to enter judgment for the defendant, non obstante veredicto, on the ground " that the plaintiff failed to establish the relation of master and servant between the driver of the hansom and defendant " was erroneous.

3. We fail to see how the court could have held, as a matter of law, under the facts established, that there was no negligence on the part of the driver. The lad upon the bicycle was where he had a right to be. The sudden deflection by the driver of the hansom of his vehicle from the right side, upon which he was traveling, toward the left, to which he suddenly turned his horse, without notice, was a violation of " the law of the road " which the plaintiff was not bound to anticipate and, when the collision, therefore, occurred, without fault on the part of the plaintiff, so far as appears from the evidence, a ques-

tion of fact as to the negligence of the driver was raised which the court was bound to submit to the jury.

On the whole case, as presented, we are compelled to sustain the first assignment of error.     Judgment is, therefore, reversed, and a new venire awarded.

SMITH, J., dissenting:

While the marking of vehicles and other objects with the owner's name is a common practice, the mere presence of a name, in a single instance, cannot of itself be deemed conclusive evidence of ownership.     Still less can it be held that the driver of a vehicle is prima facie a servant of the person whose name appears on it; he may, as in the case of Connor v. R. R. Co., 24 Pa. Superior Ct. 241, be only a bailee, with no responsibility attaching to the owner.     In such cases, the name is at most but a scintilla, and is to be considered in connection with other circumstances bearing on the question of ownership and employment.     If, in the case before us, it had been shown that the defendant "owned and operated a line of hansom cabs," as set forth in the declaration, with its name on them and driven by its servants, this would be evidence from which its ownership of a particular cab of the same description, and its employment of the driver, might be inferred ; and in such case it should not be difficult for the defendant to show whether any of its cabs was involved in the accident from which the suit arose. But here there was not only no evidence that the defendant owned or operated any cabs or employed any persons in driving cabs, but no evidence even that its name was on the cab that came into collision with the plaintiff's bicycle.     On this point the plaintiff thus testified: "When I came to a little below Spring Garden street I saw a Pennsylvania Railroad cab coming down.     Q. How do you know that it was a Pennsylvania Railroad cab?     A. Because it had a name on it.     Q. On it? A. Yes, sir.     Q. What did the driver wear ?     A. A brown suit. Q. Tell what occurred."     He then described the collision.     But nowhere in his testimony does it appear what name was on the cab, nor is there anything to indicate that it was the defendant's name.     The witness, Russell, who saw the collision, was asked by the plaintiff's counsel: "Are you personally acquainted with the driver of the Pennsylvania cab in this case?" and re-

plied that he was not, and did not know his name.   Officer
Hoffman, who reached the spot immediately after the collision,
was asked by the plaintiff's counsel :  " Do you know this driver
of the Pennsylvania Railroad cab ? " and replied, " No, sir, only
by sight ; " adding that he took the driver's number and gave it
to the plaintiff.   But neither was asked respecting the name
on the cab ; and while the questions assumed that the vehicle
was a " Pennsylvania cab," or a " Pennsylvania Railroad cab,"
nothing respecting its ownership, or the employment of its
driver by the defendant, can be implied from this line of ex-
amination.   There was no other testimony on the subject.

While it may be assumed that the defendant would not per-
mit the use of its name on vehicles not its own, if within its
knowledge, there is not the same ground for assuming that an-
other person would not surreptitiously use its name, or that
the defendant could control such use.   Consideration of this
question, however, is unnecessary, since it does not appear that
the defendant's name was on the cab.

In submitting the case to the jury, the trial judge reserved
two points, which were thus stated :  (1)  " It is admitted that
the only evidence that the driver was a servant of the defend-
ant company was the fact that the hansom had the name of the
defendant company on it.   The court reserves the question
whether this is sufficient evidence that the driver was the
servant of the defendant company."   (2)  " The court also re-
serves the question whether there is any evidence to be sub-
mitted to the jury."

The reservation of the first point was based on an obvious
error, its assumption, as a fact, that the name of the defendant
company was on the cab, being wholly unsupported by the evi-
dence.   Yet since this is stated as a fact admitted, and there
is no exception thereto, it must be deemed an admission of
record.   But the admission that the defendant's name was on
the cab is not an admission that the driver was the company's
servant ; and as this is the vital question of fact in the case,
the reservation is defective in leaving it undetermined.   Ques-
tions are to be reserved only on established facts, decisive of
the case ; not on inferences as to their existence, to be drawn
by the court.   Moreover when a defendant is entitled to a
binding instruction, and this is requested, his right to a verdict

is not to be defeated by a reservation so inadequate that it cannot sustain a judgment non obstante veredicto.

The second point is properly reserved, it being implied that by "any evidence to be submitted to the jury" is intended any evidence on which the plaintiff may recover. In the determination of this point, however, there was error. The plaintiff could recover only on evidence that the cab driver was the defendant's servant, and of this there was not a scintilla. Even if ownership of the cab may be inferred from the defendant's name on it, no existing conditions appeared from which it necessarily or legitimately followed that the driver was the defendant's servant. To hold him such, merely from the name on the cab, is to base an inference on an inference; to infer that the driver was employed by the defendant, from the inference that the cab belonged to the defendant. This cannot be permitted : Douglass v. Mitchell, 35 Pa. 440 ; McAleer v. McMurray, 58 Pa. 126 ; Welsh v. R. R. Co., 181 Pa. 461. In law, an inference must be drawn from facts, directly attested, and cannot rest on a conclusion inferentially arising from collateral facts. Hence, even with an admission that the defendant's name was on the cab, there was no evidence from which the jury might have inferred that the cab driver was the defendant's servant. There was nothing to be submitted to them, and therefore no ground for a new venire.

There was error on the part of the trial judge in ruling that "there was sufficient evidence that this driver was the servant of the defendant corporation," and in refusing to enter judgment for the defendant, non obstante veredicto, on the second point reserved.

I would reverse and enter judgment for the defendant non obstante veredicto.

ORLADY and MORRISON, JJ., concur in this.