## Hennessey *v.* Baugh and Sons Company, Appellant.

*Negligence—Wagons—Evidence of ownership—Principal and agent—Question for jury.*

In a negligence case where the plaintiff has proved that the defendant operated upon the streets of a city, wagons of a particular kind, marked in a peculiar manner, and that such a wagon so marked was responsible for the accident, such proof is sufficient to sustain a finding by the jury, under proper instructions, that the wagon was the property of the defendant company.

Proof of ownership, under such circumstances, is sufficient to sustain an inference in favor of a third party that a person in charge of the property was the agent or servant of the owner.

*Negligence—Excessive verdict—Damages.*

A verdict in an accident case will not be set aside as excessive where it appears that the plaintiff presented testimony as to specific items of loss and expense which aggregated within $5.00 of the amount of the verdict; that plaintiff lost the use of the wagon injured while it was being repaired, and that there was a delay of a year between the accident and the trial.

Argued Oct. 12, 1905.  Appeal, No. 167, Oct. T., 1905, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1904, No. 338, on verdict for plaintiff in case of Michael Hennessey v. Baugh and Sons Company.  Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass for injuries to a wagon and horse.  Before CARR, J. The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $220.56.  Defendant appealed.

*Errors assigned* were (1) that the court erred in refusing binding instructions for defendant; (2) that the verdict was excessive.

*Maurice W. Sloan,* for appellant.—There is no evidence that the wagon which ran into the plaintiff was owned by the defendant or that the driver was in the defendant's employ: Hershinger v. Penna. R. R. Co., 25 Pa. Superior Ct. 147; Edgeworth v. Wood, 58 N. J. Law, 463 (33 Atl. Repr. 940); Joyce v. Capel, 8 C. & P. 370.

*Henry K. Fries,* for appellee.

OPINION BY PORTER, J., October 23, 1905:

The first assignment of error is based upon the refusal of the court below to give binding instructions in favor of the defendant. The evidence clearly established that the horse and wagon of the plaintiff were damaged by a collision resulting from the negligence of the driver of another team, and the jury so found. The question to be considered, and the only one which has been argued under this specification of error, is whether there was sufficient evidence to warrant a finding that the defendant company was responsible for the negligence of the driver. Benjamin F. Roy, the driver of the horse of the plaintiff which was injured, testified that he knew the teams of the defendant company and that the team which caused the injury was one of them ; he testified in detail as to the kind of wagons used by the defendant company, and that they were all marked on the side with the initials "B. & S. Co.," and that each particular wagon was designated by a letter on the side, instead of a number ; that the particular wagon which caused the injury had upon its side, in the style of lettering used by the defendant company, with which he was familiar, the marks " B. & S. Co.," and underneath that the letter " Q." This witness further testified as to the kind of wagons which the defendant company used and the peculiarities of their construction. Another witness testified that the defendant company owned and operated, in the city of Philadelphia, a number of wagons constructed and marked in the peculiar manner described in the testimony of the witness Roy. It is not unusual for the owners of wagons and other property to mark, designate or brand it with initials or some peculiar device, and when it is by evidence established that such is their custom, the presence of the marking upon the wagons must be given precisely the same effect as if the name of the owner were there stated in full.

The plaintiff having proved that the defendant company operated, upon the streets of the city, wagons of a particular kind marked in a peculiar manner, and that such a wagon so marked was responsible for this accident, this was sufficient to sustain a finding by the jury, under proper instructions, that the wagon was the property of the defendant company : Her-

shinger v. Pennsylvania Railroad Company, 25 Pa. Superior Ct. 147. Proof of ownership, under such circumstances, is sufficient to sustain an inference in favor of a third party that a person in charge of property was the agent or servant of the owner: McCoun v. N. Y. Central, etc., R. R. Co., 66 Barb. 338; Norris v. Kohler, 41 N. Y. 42; Edgeworth v. Wood, 58 N. J. Law, 463 (33 Atl. Repr. 940); Connor v. Pennsylvania Railroad Company, 24 Pa. Superior Ct. 241. The responsibility of the defendant company for the negligence of the driver was, under the evidence in this case, a question for the jury.

The specification of error that, "The verdict is excessive," is not worthy of consideration. The plaintiff presented testimony as to specific items of loss and expense which aggregated within $5.00 of the amount of this verdict, without taking into consideration the loss and inconvenience to which he was put in having a loaded wagon broken down in a distant part of the city, when it became necessary to return the injured horse to the stable and procure another horse to haul the damaged wagon with its load. The appellant entirely loses sight of the fact that the plaintiff lost the use of his wagon while it was being repaired. There was a delay of almost a year between the accident and the trial, and it was proper for the jury to consider this delay and allow compensation therefor in their verdict. This is certainly not a case in which an appellate court should interfere.

The judgment is affirmed.