Alfandre et ux. *v.* Bream, Appellant.
Alfrandre *v.* Bream, Appellant.

539

Argued March 16, 1939.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Edmund C. Wingerd,* with him *William H. Kurtz,*
of *Schmidt, Keesey, Stair & Kurtz,* for appellant.

*John A. Hoober,* with him *David J. Goldberg,* for
appellee.

**540**

Three actions in trespass were consolidated by the court below, and were tried together, resulting in verdicts for the plaintiffs. In each of these appeals the refusal of the lower court to enter judgment for the defendant non obstante veredicto is assigned as error, and the controlling question is narrowed to the single inquiry: Is there competent proof sufficient in law, that the defendant was the owner of the car which caused the damage, that the driver was his servant, engaged at the time in the master's business? The burden of this proof was upon the plaintiffs. *Double v. Myers,* 305 Pa. 266, 157 A. 610; *Radshaw et ux. v. Montgomery,* 313 Pa. 206, 169 A. 135.

Plaintiff, Harry Alfandre, was driving his Chevrolet sedan eastwardly on the Lincoln Highway in the vicinity of West York. In the car with him were his wife and child. The middle of the highway is marked by a white line and the pavement is wide enough for four lanes of traffic. He was driving at a moderate rate of speed on his right side of the road in the southernmost lane. He observed an approaching truck about three hundred feet away, traveling westwardly, and a Plymouth roadster, driven at a high rate of speed, behind it. This roadster, as it approached, turned out from behind the truck so suddenly that an occupant of the car was thrown out upon the pavement. It then crossed the two inside lanes of traffic on the highway and ran head-on into this plaintiff's car, damaging it and injuring all of the plaintiffs. Harry Alfandre had applied his brakes at the time of the collision and had come almost to a stop at the southern edge of the pavement. It is conceded that the proximate cause of the injuries was the negligence of the driver of the Plymouth car, and that Harry Alfandre was not chargeable with contributory negligence.

To meet the burden upon them, plaintiffs proved that the car which caused the damage bore the following

in painted letters upon the tonneau: "J. H. Bream Good Used Cars Guaranteed Motor Repairs." Since this was a business automobile, the equivalent of a trade name upon it was sufficient to raise the presumption that it was owned by the defendant and that it was being used for his business purposes, and this presumption would have entitled plaintiffs to have their cases submitted to the jury on the issue of ownership and agency: *Nalevanko v. Marie*, 328 Pa. 586, 195 A. 49. This Plymouth car was driven by one Donald Emig and across the back of his khaki jumper appeared the name "J. H. Bream" in red letters. This was shown and plaintiffs then offered to prove by a certificate from the Department of Revenue of the Commonwealth, that the car was registered in defendant's name. Thereupon the trial judge, without ruling upon the offer, suggested that plaintiffs call the defendant and examine him regarding the license tags on the car. Plaintiffs complied and the defendant, when called by them as on cross-examination, admitted that the dealer's license tags on the car had been issued to him. There plaintiff's inquiry stopped. But defendant's counsel then questioned him further on the subject and in that examination he testified that the day before the collision he had sold the Plymouth car to Dwight P. Simpson; that Emig was his employe, but that Emig was not engaged in the defendant's business at the time of the injuries to plaintiffs. The development of this testimony, on the inferences arising from ownership of the license plates or tending to qualify or destroy them, was proper: *Conley v. Mervis*, 324 Pa. 577, 188 A. 350.

But on the same authority plaintiffs were bound by all of the testimony of defendant, when called as on cross-examination, and since the presumption of ownership and use raised by the license tags was rebutted by defendant's uncontradicted parol evidence, the presumption was destroyed and the plaintiffs must be regarded as having failed to make out a prima facie case

542

entitling them to go to the jury, unless there is additional testimony which brings these cases within an exception to the rule.

The rule that one is bound by the testimony of an adverse party called as on cross-examination, unless contradicted by direct evidence, is subject to qualification. In *Burke v. Kennedy*, 286 Pa. 344, 133 A. 508, there appears a recital of circumstances which may be submitted to the jury to prove the facts to be otherwise than the witness has represented them. They are the following: Such degree of improbability in the statements themselves as to deprive them of credit however positively made; the contradiction of a witness by circumstances as well as by statements of others contrary to his own; where there is some intrinsic improbability in the statements of the witness and he has shown himself unworthy of credit by his attempt to falsify a collateral transaction involved in the suit. These are stated by way of illustration and are not to be regarded as an all comprehensive and exclusive enumeration. *Marach v. Kooistra et al.*, 329 Pa. 324, 198 A. 66.

In the case before us, the testimony of the defendant on the controlling question, in the opinion of the trial judge, was false and the issues were submitted to the jury.

The defendant owned the automobile, according to the testimony, until the day before the collision. Though he said he had sold and delivered it to the purchaser, yet until a few seconds before the accident, admittedly, it was being used in defendant's business on a mission specifically directed by him. Moreover, the car was being driven not by the alleged purchaser, but by Emig, defendant's servant. The car still bore defendant's name and advertised his business. On the car were defendant's registration plates issued to him as a dealer for use only by him or in his business, and if the car no longer belonged to him, defendant by allowing his dealer's tags to remain on the car after delivery to the

purchaser, violated the Act of May 1, 1929, P. L. 905, Art. V. Sec. 508, which prohibits the giving or loaning of dealers' registration plates to another. The inference is that he did not violate the law because he still owned the car. All of the testimony relating to the sale of the car rests upon defendant's uncorroborated parol testimony. The testimony of the witness Emig also is improbable. His story that he was on the business of his employer until a few seconds before the accident, but at the time of the actual occurrence, that he was on some undescribed mission of his own, all while continuing to travel along the same highway, lacks the ring of truth. The character of the testimony of both defendant and his employe, Emig, suggests the probability of a union of effort to protect the interests of the defendant.

A consideration of all of the testimony, in the light of the attendant circumstances, convinces us that the defendant's liability was an issue for the jury. The trial judge was far from capricious in arriving at his estimate of defendant's testimony. To read it is to question it, and since there is inherent improbability in the statement of the witness sufficient to support the opinion of the trial judge that the testimony as to the controlling issue is false, all of the issues were for the jury and the judgments should not be disturbed: *Burke v. Kennedy*, supra.

The judgments are affirmed.