## Lehigh Valley Transit Co. v. Yatch et al.

*Butz, Steckel, Hudders & Rupp*, for plaintiff.
*Gernerd, Helwig & Gernerd*, for defendants.

HENNINGER, P. J., November 27, 1950.—On January 23, 1948, in the City of Allentown, Lehigh County, Pa., there was a collision between plaintiff's trolley car and a motor truck operated by defendant Yatch, which truck bore Iowa registration plates in the name of the Brady Corporation (hereinafter designated as defendant Brady), and which was registered with the State authorities of Iowa as being owned by the same corporation.

Plaintiff sued the driver and the registered owner and under the authority of Act of May 14, 1929, P. L. 1721, 75 PS §1201, and Pa. R. C. P. 2079(a) caused both defendants to be served by causing the Sheriff of Lehigh County to send a true and attested copy of the process to the Secretary of the Commonwealth of Pennsylvania and to defendants' last known address.

Defendant Yatch could not be found and defendant Brady filed preliminary objections in the nature of a rule to set aside service, averring that it was not owner of the truck on January 23, 1948, and that defendant Yatch was not then in their employ and was not hauling any goods for them or acting as their agent or employe in any respect.

A condition precedent to extraterritorial service of plaintiff's process is that defendant must be a nonresident operator or owner of a motor vehicle operated on the highways of this Commonwealth: Act of May 14, 1929, P. L. 1721, 75 PS §1201. Since a defendant has the right to test the validity of the service of process upon him, the ownership or operation of a vehicle is a preliminary fact to be decided by the court to determine whether or not a defendant is subject to such service: Midora et al. v. Alfieri et al., 341 Pa. 27, 29.

We proceed, therefore, to determine whether the truck involved in the accident was owned by Brady and/or operated in its business on January 23, 1948. Defendant Brady in support of its preliminary objec-

tions offered depositions of A. L. Anderson who stated that defendant Brady had been the owner of the truck and defendant Yatch had been its employe but that he left its employ on October 28, 1947; that on April 12, 1946, defendant Brady had sold the truck to defendant Yatch on a conditional sale agreement payable in 18 monthly installments and that the total amount had been paid in full and receipt therefor endorsed on the conditional sale contract on November 12, 1947, and that defendant Brady had ceased operating as a common carrier in Pennsylvania on November 1, 1947.

On the other hand, plaintiff relies upon the stipulated facts that up to December 2, 1948, the truck in question was registered in Iowa in the name of defendant Brady as owner and that the registration plates on the truck at the time of the accident were in the same name. Besides the evidential value of these facts, there is a factual presumption arising from the use of license plates that the truck is being operated by and for the owner; Baker v. Crystol, 324 Pa. 333, 336.

Defendant has offered Iowa authority to the effect that the presumption that the registered owner is the true owner is met and overcome by evidence that title was reserved solely to secure payments due upon conditional sale: Craddock v. Bickelhaupt, 227 Iowa 202, 288 N. W. 109; Metropolitan Casualty Ins. Co. of New York et al. v. Friedley et al., 79 F. Supp. 978, 981.

While the fact of ownership may be a matter of Iowa law, we believe that proof of ownership is procedural and subject to the lex fori. For us to decide on the present evidence that defendant Yatch was the owner of the tractor-trailer would deprive plaintiff of the right to the factual presumption of defendant Brady's ownership. We, therefore, find that plaintiff is entitled to that factual presumption in the jurisdictional question of submission to extraterritorial service as well as at the

trial of the case and rule that the presence of registration plates in defendant Brady's name subjects that defendant to such service.

Our ruling does not prejudice defendant Brady on the merits, since it can contest the presumption of ownership at the trial and since ownership of the instrument causing damage is not conclusive of liability. Furthermore, defendant Brady may continue to deny Yatch's agency regardless of ownership of the vehicle.

We decide this point as we do because of a doubt in our own mind of defendant Brady's nonownership, since technically Yatch became the owner for registration purposes not when he paid off the purchase price, but when he bought the equipment. It also seems a strange coincidence that Yatch and Brady ceased to do business with each other as soon as the truck was paid for. If Brady retained title solely to collect the purchase price, Yatch was a free agent from the start so long as he continued to meet his payments.

Now, November 27, 1950, the court finds solely for the purpose of subjecting defendant Brady Transfer & Storage Company to the jurisdiction of this court, and without prejudice to its right to make further denial of the same, that defendant permitted owner's registration plates in its name to remain on defendant Yatch's motor vehicle equipment operated on public highways within the Commonwealth of Pennsylvania and that the court is not convinced that title and ownership of this equipment had passed from defendant Brady to defendant Yatch prior to January 23, 1948; it is therefore ordered that defendant Brady's preliminary objections attacking plaintiff's right to obtain jurisdiction over it by extraterritorial service are dismissed and defendant Brady is ordered to file an answer on the merits within 30 days after service of this order on its counsel.