## Malone v. Litzenburg

*Bloom, Bloom & Yard*, for plaintiff.

*Sweet & Rogers*, for defendants.

WEINER, J., April 26, 1954.—This matter is before the court on preliminary objections to plaintiff's bill of complaint. These preliminary objections are four in number and raise the question as to whether the service in this case upon defendant, Edward W.

Parker, is legal and proper under the laws of the Commonwealth of Pennsylvania. For the purpose of attacking this service, counsel for defendant Parker has caused a special appearance to be entered and has made the following objections:

"1. Paragraph five (5) of the Complaint in Trespass provides in part, 'That at the time of the grievance herein complained of, the Hertz-U-Drive-It was the owner of a certain truck and at the said time, the truck was leased to Edward W. Parker, one of the defendants herein . . .'

"2. The record discloses that service upon the defendant was made under the non-resident motorist act.

"3. The defendant asserts that he was the lessee only of a certain truck so operated, and was not on October 28, 1951, or at any other relevant time the owner or operator of said truck.

"4. Under the acts of assembly and the rules of civil procedure, service as had in this case is not available upon a mere lessee."

The complaint avers that on October 28, 1951, plaintiff, Raymond G. Malone, was seriously and permanently injured as a result of being struck on Main Street in the Borough of Burgettstown, this county, by a truck owned by the Hertz-U-Drive-It, leased to defendant, Edward W. Parker, and operated at the time by the other defendant, Richard W. Litzenburg. The latter is described in paragraph 9 of the complaint as operating the said truck as "the servant, agent and employee of the said Edward W. Parker, the other defendant herein, and was acting within the scope of his authority and on the business of the other defendant herein".

The complaint avers that the said Richard W. Litzenburg is a resident of Bayard, W. Va., and that Edward W. Parker is a resident of 743 Darrow Street, Akron, Ohio.

The record discloses that service was had on both of these defendants by the Sheriff of Washington County by sending, by registered mail, with return receipt requested, a true and attested copy of the complaint to the Secretary of the Commonwealth, accompanied by the fee prescribed by law, and also to both defendants, at their last known address, with an endorsement thereon showing that service was made upon the Secretary of the Commonwealth.

The essence of the objections to this service is that defendant, Edward W. Parker, was neither the owner nor the operator of the truck which struck plaintiff, that the said Edward W. Parker was a lessee only of the truck involved and that, therefore, service in the manner set forth above is not legal or proper under the laws of the Commonwealth of Pennsylvania. For these reasons, defendant, Edward W. Parker, requests that the service of process upon him should be set aside.

We must concede that if the service of process in this case was under the Act of May 14, 1929, P. L. 1721, as amended, this court might be constrained to uphold the position of defendant, Edward W. Parker. Several cases have been cited by counsel for defendant in which the courts have held that the lessee of a motor vehicle for whom and on whose business it is being operated in Pennsylvania, is not a person having a motor vehicle operated within the meaning of the Act of May 14, 1929, P. L. 1721. See Burns v. Philadelphia Transportation Co. Inc., reported in 44 D. & C. 654, decided April 14, 1942.

It will be noted, however, that this case was decided prior to the order of the Supreme Court of May 17, 1950, suspending this act of assembly and setting up Rules of Civil Procedure covering the service of nonresident motorists: Pa. R. C. P. 2100. Rule 2077 $(a)$ (1) says that these rules providing for service on defendants who are nonresidents does not re-

strict the service upon owners or operators of motor vehicles as found in the Act of May 14, 1929, P. L. 1721.

In commenting upon this rule, Goodrich-Amram, under section 2077(a)-13 says that the provisions include a nonresident who, through an agent or employe, operates a motor vehicle within the State. So long as the motor vehicle is used on behalf of a nonresident, that is, so long as its use is within the scope of employment, and subject to control by the nonresident, the latter is accepting the privilege of having a motor vehicle operated within the State. Goodrich-Amram conclude that, therefore, such a person may be served under the Rules of Civil Procedure which, under rule 2100, suspends the Act of 1929 aforesaid insofar as the act provides procedure inconsistent with the rules adopted.

Commenting further on the same question, Goodrich-Amram says that the ownership of the car should not be regarded as a controlling element. The criterion is whether the agent in fact operates the car subject to control by the principal.

It will be noted by this comment from Goodrich-Amram (with which this court is in agreement) that the reasoning is based on the rule of respondeat superior. It is true that defendant Parker in the brief of his counsel filed in support of the preliminary objections, mentions that the truck was being operated by defendant, Richard W. Litzenburg, on his own business and not as servant, agent or employe of defendant Parker. However, the court, in passing upon these preliminary objections, must base its finding upon the record itself.

That record, represented by the complaint, as quoted above, sets forth under paragraph 9 that the said Richard W. Litzenburg was driving the truck as the servant, agent or employe of the said Edward W.

Parker, and that he was acting within the scope of his authority and on the business of the said Edward W. Parker. This defendant is admittedly a nonresident and, under this portion of the pleadings, was accepting the privilege of having a car operated within the State of Pennsylvania. As such, he may be served under the Non-resident Motorists Act and the Rules of Civil Procedure applicable thereto. Rule 2078 provides (a) (2) that the action shall be commenced in the county in which the cause of action arose. Since this cause of action arose in the Borough of Burgettstown, in the County of Washington, the action was properly brought in this county and in this court.

Rule 2079 provides for service of process in such cases. That rule reads in part as follows:

"(a) If an action of the class specified in Rule 2077 (a) (1) is commenced in the county in which the cause of action arose, process may be served upon the defendant personally or by having the sheriff of said county send by registered mail, return receipt requested, a true and attested copy of the process:

"(1) To the Secretary of the Commonwealth, accompanied by the fee prescribed by law, and

"(2) to the defendant at his last known address with an endorsement thereon showing that service was made upon the Secretary of the Commonwealth."

An examination of the record in this case shows that the sheriff complied with these rules just quoted. Since, as we have indicated above, such service is proper even upon a lessee of a motor vehicle, such as Edward W. Parker, the preliminary objections filed by this defendant must be dismissed.

It might be noted in passing that even under the Act of May 14, 1929, P. L. 1721, which was amended by the Act of April 24, 1931, P. L. 50, Judge Reno, now a distinguished member of our Superior Court, while President Judge of Lehigh County, in an opinion of

December 15, 1931, in the case of Riccio v. Niagara Cotton Co., reported in 47 York 70, inferred that service upon a lessee might be legal and proper. In the last paragraph of that opinion he infers that if defendant in that case was operating the motor vehicle in question through an employe which defendant had hired, defendant could then be considered as operating the motor vehicle in the State of Pennsylvania through such employe.

In the instant case that situation actually exists (according to the pleadings in this case) and the service of process would under his reasoning be legal and proper.

Counsel for this defendant has suggested that the court should by depositions or otherwise, make a preliminary determination of the question whether said defendant, Richard W. Litzenburg, was in fact, the agent, servant and employe of defendant, Edward W. Parker, and on his business and acting within the scope of his employment at the time and place in question. Counsel suggests that this should be done to properly determine the question of jurisdiction, apparently under the principle laid down in the case of Midora v. Alfieri, 341 Pa. 27.

While this court recognizes its duty to abide by any rule or principle laid down by the highest court of this Commonwealth, yet this court is of the opinion that the Supreme Court never intended any court to usurp the constitutional functions of a jury. The determination of the relationship between these two codefendants is such a vital and important question of fact in this case, that for the court to preliminarily determine this question of fact would definitely violate the well recognized distinction between the function of a jury and of the court with respect to any findings of fact.

The conclusion by this court that it cannot, for the reasons aforesaid, adopt the suggestion of counsel to

preliminarily determine the true relationship between defendant Litzenburg and defendant Parker, cannot prejudice defendant Parker on the merits of the case. He can contest the question of agency at the trial and the finding of the jury on that question will be determinative of both questions as to jurisdiction and liability.

For the reasons set forth above the court finds that the service of process on defendant, Edward W. Parker, is legal and proper under the laws of the Commonwealth of Pennsylvania and, therefore, makes the following order:

And now, to wit, April 26, 1954, the preliminary objections filed by defendant, Edward W. Parker, attacking plaintiff's right to obtain jurisdiction over it by extraterritorial service are hereby dismissed. Said defendant is ordered to file an answer on the merits within 30 days after service of this order on his counsel.