Biel *v.* Herman Lowenstein, Inc., Appellant.

Argued October 9, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

reargument refused July 26, 1963.

*Norman J. Cowie,* with him *Pringle, Bredin & Martin,* for appellant.

*Louis Vaira,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, June 4, 1963:

Appellant, Herman Lowenstein, Inc., one of several defendants in actions under the wrongful death[1] and survival[2] statutes raises the question of jurisdiction[3] of the person in this appeal. Appellee's decedent was

[1] 12 P.S. §§1602-1604.

[2] 20 P.S. §320.603.

[3] Act of March 5, 1925, P. L. 23, 12 P.S. §§672-674.

killed on August 2, 1961, while a passenger in an automobile on the Penn Lincoln Parkway ramp in Braddock Hills Borough, Allegheny County. A tractor hauling a trailer loaded with scrap steel ran into the rear end of the vehicle in which decedent was seated and which vehicle was stopped because of the condition of traffic.

Appellant is a New Jersey corporation having its principal place of business in Elizabeth, New Jersey. Service of process was made pursuant to the non-resident motorist provision of The Vehicle Code.[4] Appellee-plaintiff in the complaint in trespass averred that "Herman Lowenstein, Inc., having its principal place of business at 901 East Grand Street, Elizabeth, State of New Jersey, . . . is a New Jersey Corporation" and "The Oxman Steel Corporation a Pennsylvania Corporation having its principal place of business at . . . Philadelphia, Pennsylvania . . . is a corporation engaged in the scrap steel business . . ." and "Carroll Transport, Inc., having a place of business at . . . Pittsburgh, Pennsylvania . . . is an Ohio corporation, lawfully authorized to transact business as an Interstate Motor Carrier under I.C.C. Certificate . . . had under its use, control, responsibility and possession an International tractor and a 1951 Trail Mobile trailer involved in the accident . . ., belonging to John William Mostoller . . ." and "John William Mostoller . . . is a resident of Boswell, Somerset County, Pennsylvania . . . said tractor and trailer aforesaid, were in use, control, responsibility and possession of . . ., Carroll Transport, Inc."

Other pertinent averments are: "6. On July 31, 1961, at the direction of Carroll Transport, Inc., the said John W. Mostoller did make a delivery of a load of steel to Lyndon, N. J. under the I.C.C. certification

---

[4] Act of May 14, 1929, P. L. 1721, as amended, 75 P.S. §2001.

and direction of the Carroll Transport, Inc., and while returning, the said John W. Mostoller picked up a load of machine-shop turnings from Herman Lowenstein, Inc., Consignor, of 901 East Grand Street, Elizabeth, New Jersey, consigned to the Oxman Steel Corporation of 1011 Chestnut Street, Philadelphia, Pennsylvania, delivery to be made to the Penn Steel Corporation at Pittsburgh, Pennsylvania, subject to the condition that said shop turnings must be suitable and acceptable to the Penn Steel Corporation.

"7. At the time of the grievances hereinafter complained of, the Defendant, John W. Mostoller, was acting as the agent, servant, employee and under the use, control, responsibility and possession of the defendant corporation, Carroll Transport, Inc., was acting within the scope of his employment while on the business of the aforesaid defendant corporation, Carroll Transport, Inc., and/or in the alternative, he was acting as the agent, servant or employee of the defendant corporation, Herman Lowenstein, Inc., and was acting within the scope of his employment while on the business of the aforesaid defendant corporation, Herman Lowenstein, Inc., and/or in the further alternative, he was acting as the agent, servant or employee of the defendant Oxman Steel Corporation, and was acting within the scope of his employment while on the business of the aforesaid defendant, Oxman Steel Corporation, and/or in the further alternative, he was acting as the agent, servant, employee of the defendant corporations, Carroll Transport, Inc., Oxman Steel Corporation, Herman Lowenstein, Inc., as agent, servant, employee of all three corporations, at their direction and for their benefit and acting within the scope of his employment while on the business of the aforesaid defendant corporations for their joint and mutual benefit."

Appellant filed preliminary objections; (1) in the nature of a petition raising the question of lack of ju-

risdiction over its person, (2) a demurrer, (3) motion to strike the complaint, or, (4) a more specific complaint if jurisdiction exists. Various reasons were assigned in support of the motions. The appellant denied the agency of the vehicle driver (Mostoller) and the jurisdiction of the court over the defendant Herman Lowenstein, Inc.

. The court below had before it the averments of fact in the complaint and amended complaint, sworn to, and the unverified averments of the preliminary objections. The preliminary objections were dismissed on the ground that the only averments of fact were contained in the complaint and its amendment, and since the defendant-appellant had the right to present additional facts by way of deposition or affidavit and it did not do so but, instead, rested its argument on the insufficiency of plaintiff's averments of agency, the averments of fact were sufficient and not properly challenged by defendant.

In *Midora v. Alfieri,* 341 Pa. 27, 17 A. 2d 873 (1941), where service was made by registered mail sent to the Secretary of Revenue and to Wrightstown Farmers Cooperative Dairy Association, Inc., a New Jersey Corporation with its principal office in Wrightstown, New Jersey, named as additional defendant by the original defendants, in accordance with the Act of May 14, 1929, P. L. 1721, as amended, 75 P.S. §2001, a petition was filed under the Act of March 5, 1925, P. L. 23, 12 P.S. §§672-674 (now by R. C. P. 1017-(b)(c)) for a preliminary determination of jurisdiction, the contention of petitioner being it was not its truck or employee involved in the accident. A rule to show cause was granted, an answer was filed by the original defendants, and depositions were taken.

The court, in the *Midora* case, had before it an issue properly raised and depositions taken from which it decided the subsidiary issue in conformity with the

purpose of the Act of 1925 (now Rule 1017(b)(1)). In the instant case the appellant fell short of raising a jurisdictional issue and placed nothing before the court except the bare unverified averment which the court correctly determined to be insufficient. It is only when the jurisdictional issue is properly raised that the burden of proof is upon the party asserting the jurisdiction.

Appellant complains that the court did not consider the deposition of Samuel Oxman, President of Oxman Steel Corporation, in connection with the issue of jurisdiction over the person of Herman Lowenstein, Inc. The deposition was taken by appellee for discovery pursuant to Rule 4007 and is not part of this record. Nevertheless, any statements therein do not aid appellant and the court did not err in not considering the deposition.

Order affirmed.