445 A.2d 137

**Robert H. CROMPTON, III, Appellant,**

v.

**PARK WARD MOTORS, INC., and B & N Leasing Corporation and Network Leasing Company, Inc.**

Superior Court of Pennsylvania.

Argued Feb. 24, 1981.

Filed April 30, 1982.

Wayde P. Seidensticker, York, for appellant.

Robert J. Hoelscher, Philadelphia, for Park Ward, appellee.

William A. Atlee, Jr., Lancaster, did not file a brief on behalf of Leasing Company, appellee.

Before SPAETH, WIEAND and JOHNSON, JJ.

SPAETH, Judge:

This is an appeal from an order sustaining preliminary objections and dismissing appellant's complaint for lack of *in personam* jurisdiction. We affirm.

■ When a defendant properly objects, the plaintiff has the burden of proving that the court has *in personam* jurisdiction. *Whalen v. Walt Disney World Co.*, 274 Pa.Super. 246, 252 n. 3, 418 A.2d 389, 392 n. 3 (1980); *Biel v. Herman Lowenstein, Inc.*, 411 Pa. 559, 192 A.2d 391, 393 (1963). Here, the record includes the complaint and answer, appellant's deposition, and affidavits filed by appellee Park Ward Motors, Inc. An examination of these documents discloses the following facts.

In March 1977, while in New York City, appellant visited appellee Park Ward's showroom. There he saw a gray Rolls Royce sedan, which he decided to lease. Appellant did not, however, sign a contract with Park Ward. Instead, Park Ward sold the Rolls Royce to appellee B & N Leasing Corp., which then leased it to appellant. The lease was executed in the offices of Park Ward, in the presence and at the suggestion of Park Ward's employee. Later, the lease was assigned to appellee Network Leasing Co., Inc.

It was understood that appellant was a Pennsylvania resident, and that the Rolls Royce would be used in Pennsyl-

vania. Pennsylvania sales tax was applied to the base monthly rental, and Park Ward removed the Pennsylvania license plate from appellant's old car, a Mercedes Benz, and placed it on the Rolls Royce. Walter McQuillan, whose status is disputed, accompanied appellant to his home in Lancaster County, Pennsylvania, where appellant gave McQuillan title to his Mercedes Benz and a check for the first payment under the lease. McQuillan remained at appellant's home overnight and returned to New York City the next day.

In his complaint appellant alleges that Park Ward represented that he would receive a $9,000 trade-in credit for his Mercedes Benz; that this representation was false and known by all of appellees to be false; and that appellant relied on it, and would not have entered into the lease for the Rolls Royce without receiving a $9,000 trade-in credit for his Mercedes Benz. The complaint is in three counts: for damages, recission, and reformation.

Park Ward is a Delaware Corporation with its only place of business in New York City. R. 42a. Park Ward's contacts with Pennsylvania may be summarized as follows: it is not qualified to do business in Pennsylvania as a foreign corporation; it has no offices, agents or other personnel in Pennsylvania; it has never transacted business in Pennsylvania nor advertised for or solicited business here; it had, when this action was started, sold a total of seven cars to Pennsylvania residents; all of these sales were transacted in New York; Park Ward's only direct contact with Pennsylvania was McQuillan's trip here. R. 42a–43a.

B & N Leasing and Network Leasing are both New York corporations. Each has its principal place of business in New York; is not qualified to do business in Pennsylvania as a foreign corporation; does not have any place of business or personnel or agents working in Pennsylvania; and has never advertised for or solicited business, and has had no direct business dealings, in Pennsylvania. R. 26a–29a.

Appellant contends that "McQuillan was the actual agent of B & N and the apparent agent of Park Ward," Brief for Appellant at 19, and that his trip to appellant's home was

sufficient "contact" with Pennsylvania to support a finding of *in personam* jurisdiction over appellees. As regards the fact that McQuillan's status is in dispute, appellant says:

Park Ward basically argues: "McQuillan was not our agent, therefore, *we* did nothing in Lancaster County." B & N argues: "McQuillan may have been our agent, but anything he did in Lancaster County was for the benefit of Park Ward and outside the scope of his employment by us, therefore, *we* did nothing in Lancaster County either." Surely this raises an obvious issue for the trier of fact to determine for whom and on whose behalf Mr. McQuillan acted because he did do *something* here for *some* defendant's benefit.

Brief for Appellant at 18–19.

As will appear, we find it unnecessary to resolve the dispute regarding McQuillan's status.

■ Under the Pennsylvania Long Arm Statute[1] *in personam* jurisdiction over a foreign corporation is coextensive with the permissible limits of jurisdiction under the due process clause of the United States Constitution. *See Kingsley and Keith v. Mercer International Corporation*, 291 Pa.Super. 96, 435 A.2d 585 (1981); *Hart v. McCollum*, 249 Pa.Super. 267, 271–72, 376 A.2d 644, 647 (1977). Due process requires that a state have "certain minimum contacts ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted). In *Kingsley and Keith v. Mercer International, supra*, we discussed this "minimum contacts" requirement, and concluded that it had been adequately summarized in *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 19, 323 A.2d 11, 15 (1974), as follows:

First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws. *Hanson v. Denckla* [357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283

1. *See* 42 Pa.C.S.A. § 5322(a) and (b).

(1958)], *supra.* Secondly, the cause of action must arise from defendant's activities within the forum state. *See Southern Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374 (6th Cir. 1968); *Electric Regulator Corp. v. Sterling Extruder Corp.,* 280 F.Supp. 550 (D.Conn.1968). Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable. *International Shoe Co. v. Washington, supra: see Southern Mach. Co. v. Mohasco Indus., Inc., supra* [401 F.2d 374 (6th Cir. 1968)]; *see also In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220 (6th Cir. 1972); *Kourkene v. American BBR, Inc.,* 313 F.2d 769 (9th Cir. 1963).

*And see Bev-Mark, Inc., d/b/a Tuboy Trucking Company, et al. v. Summerfield GMC Truck Co., Inc., et al.,* 268 Pa.Super. 74, 407 A.2d 443 (1979).

■ As regards Network Leasing, the first part of the *Proctor & Schwartz* test has not been met. The only way appellant claims any of appellees "purposely availed [itself] of the privilege of acting within the forum state" was by Walter McQuillan's entry into Pennsylvania. Brief for Appellant at 17. It may well be, as appellant urges, that McQuillan was an agent for Park Ward, or B & N Leasing, or even both. However, appellant does not suggest, or point to any evidence, that McQuillan was an agent for Network Leasing. It therefore cannot be subjected to jurisdiction in Pennsylvania.

■ As regards Park Ward and B & N Leasing, the third part of the *Proctor & Schwartz* test has not been met.

In *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the Court commented on when the exercise of jurisdiction is reasonable:

Implicit in this emphasis on reasonableness is the understanding that the burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors, including the forum State's interest in adjudicating the dispute, *see McGee v. International Life Ins. Co.,* 355 U.S. 220, 223 [78 S.Ct. 199,

201, 2 L.Ed.2d 223] (1957); the plaintiff's interest in obtaining convenient and effective relief, see *Kulko v. Superior Court*, [436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978)], at least when that interest is not adequately protected by plaintiff's power to choose the forum, *cf. Shaffer v. Heitner*, 433 U.S. 186, 211 n. 37 [97 S.Ct. 2569, 2583 n. 37, 53 L.Ed.2d 683] (1977); the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several states in furthering fundamental substantive social policies, *see Kulko v. Superior Court, supra*, at 93, 98 [98 S.Ct. at 1700].

*Id.* at 292, 100 S.Ct. at 564.

While Pennsylvania certainly has some interest in adjudicating this dispute, since it involves a contract affecting a Pennsylvania resident, the interest is not great because the conduct giving rise to the dispute occurred in a foreign jurisdiction and neither Park Ward nor B & N Leasing sought business in Pennsylvania. Thus Pennsylvania's interest is not so great as it would be if there were a likelihood that because of appellees' activities in Pennsylvania, other Pennsylvania residents might enter into similar contracts. *Cf. International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Here, appellant went to New York, negotiated his contract there, and returned to Pennsylvania. The only direct contact appellant alleges on the part of either Park Ward or B & N Leasing was McQuillan's trip to Pennsylvania. This trip, however, was not made in the regular course of business but as a courtesy to appellant. For purposes of argument we may assume that while a minimal contact, the trip was nonetheless sufficient to meet the first part of the *Proctor & Schwartz* test. Its fortuitous nature nevertheless diminishes Pennsylvania's interest in adjudicating the dispute. This case would be different, for example, if Park Ward or B & N Leasing regularly delivered cars into Pennsylvania as part of their usual sales service.

Nor would exercise of jurisdiction by a Pennsylvania court obtain the most efficient resolution of appellant's dispute with either Park Ward or B & N Leasing. Aside from

appellant, no one involved in the dispute, either as a party to the transaction or as a witness, is a Pennsylvania resident or has any significant connection with Pennsylvania. Indeed, all the others appear to be New York residents. Thus, to resolve appellant's actions against Park Ward and B & N Leasing in Pennsylvania would inconvenience all the other parties to this transaction. *Cf. Kingsley and Keith v. Mercer International, supra* (exercise of jurisdiction reasonable when breach of contract affected Pennsylvania domiciliary and all the other parties to the transaction were in Pennsylvania). Appellant, we may add, was not precluded from entering a forum where he could have obtained a resolution of his claims against all appellees.

We believe that in these circumstances the exercise in Pennsylvania of jurisdiction over either Park Ward or B & N Leasing would be unreasonable within the meaning of the third part of the *Proctor & Schwartz* test.

Affirmed.